IN THE MATTER OF THE ESTATE OF CHARLES LAUTEN-
SHLAGER, DECEASED. SAMUEL L. LAUTENSHLAGER
AND ELIZABETH ANN VAN HOUTEN, PROPO-
NENTS, v. JOHN J. LAUTENSHLAGER, CON-
TESTANT AND APPELLANT.

*Will—Deed to become operative at death of grantor—Evidence.*

1. The *form* of an instrument is of little consequence in determining whether it *is* or is *not* a will. If it is executed with the formalities required by the statute, and is to operate only *after the death* of the maker, it is a will.

   So *held*, where a father, being of sound and disposing mind and memory, executed two instruments, in form warranty deeds, one to a son and one to a daughter, inserting in each, directly after the description of the land, and before the words "together with all and singular," etc., these words: "Also one-half of all the personal property and money left at my death shall go to the above" grantee, naming him. The papers were executed in the presence of two competent witnesses, who signed the same in the father's presence, and at his request. He took the papers, after their execution, to his residence, and placed them in the bureau in his room, where they remained until after his death. Upon the day of or shortly after the execution of the papers, he informed the son and daughter of such fact, and stated to them that he should retain the papers and the control of his property while he lived, and that they could not have them until after his death. He had previously deeded to each of his other three sons, 80 acres of land, for which they claimed to have compensated him, and had expressed his intention to do what was right and fair by the other son and daughter; and it is held that all of the essential qualities of a will are to be found in the instruments, and in the circumstances under which they were executed, and with which they are surrounded.

2. A son and daughter offered for probate two instruments, in form warranty deeds, purporting to convey to each a portion of the father's real estate. In order to establish the testamentary character of the instruments, they were permitted to testify that the deceased retained the papers in his possession, and on the day of their execution informed them that he should retain

such possession, as also the control of his property, while he lived. This testimony was objected to by the contestant, a brother of the proponents, as incompetent under How. Stat. § 7545, the facts stated being equally within the knowledge of the deceased; and it is held that said statute has no application to such a case; citing *Brown v. Bell*, 58 Mich. 58; *Schofield v. Walker*, Id. 96.

Error to Monroe. (Kinne, J.)  Argued April 15, 1890. Decided April 25, 1890.

Appeal from the probate of two instruments, in form warranty deeds, but claimed by the proponents to be a will.  Affirmed.  The facts are stated in the opinion.

*Palmer & Palmer,* for appellant, contended:

1.  Possession of the deeds by the grantees is *prima facie* evidence of their delivery; citing *Dawson v. Hall*, 2 Mich. 390; *Patrick v. Howard*, 47 Id. 40; *Foster v. Hill*, 55 Id. 450; and the delivery of a deed is presumed to have taken place at the time of its acknowledgment, if an earlier or later delivery is not shown; citing *Blanchard v. Tyler*, 12 Mich. 339; *Johnson v. Moore*, 28 Id. 3; *Eaton v. Trowbridge*, 38 Id. 458; and these deeds, having been recorded when produced by the proponents, presumably had been delivered; citing *Patrick v. Howard*, 47 Mich. 45.

2.  The recital in the deeds that they were made for the stated consideration of $2,000 is *prima facie* evidence of the payment of such consideration; citing *Mowrey v. Vandling*, 9 Mich. 39.

3.  The personal-property clauses do not form a part of the instruments, and do not affect or change their terms or meaning; and, unless suspicious in appearance, alterations or interlineations are presumed to have been made before the execution of the instrument; citing *Munroe v. Eastman*, 31 Mich. 283; *Sirrine v. Briggs*, Id. 445; *Brand v. Johnrowe*, 60 Id. 210; and the burden of proof was upon the proponents to explain the erasure; citing *Comstock v. Smith*, 26 Mich. 315; *Sheldon v. Hawes*, 15 Id. 519.

4.  What decedent told the proponents must have been equally within his and their knowledge, so incompetent; the estate of the decedent had been admitted to probate, which action is not appealed from, but in this collateral proceeding proponents seek to appropriate decedent's entire estate; citing How. Stat. §

7545; *Brown v. Bell*, 58 Mich. 60; *Pendill v. Neuberger*, 64 Id. 223, 67 Id. 562; *Taylor v. Bunker*, 68 Id. 258.

5. If an instrument or writing passes a present interest in real estate, although the right of possession and enjoyment may not accrue until some future time, it is a deed or contract; but, if it does not pass an interest or right until the death of the maker, it is a will or testamentary paper; citing *Reed v. Hazelton*, 37 Kan. 325; *Sperber v. Balster*, 66 Ga. 317; *Turner v. Scott*, 51 Penn. St. 126; *Burlington University v. Barrett*, 22 Iowa, 60.

6. The instruments being warranty deeds, it is not competent to show by parol evidence the contrary, and that they are the last will of the decedent; citing 1 Jar. Wills, 409; and if the words of a will are clear, and have a definite meaning, no extrinsic evidence can be admitted to show a different meaning; citing 1 Greenlf. Ev. § 290; *Canfield v. Bostwick*, 21 Conn. 550; *Porter v. Porter*, 50 Mich. 456, 460; *Brown v. Saltonstall*, 3 Metc. 426.

7. In support of the proposition that the intent of the testator must be ascertained from the consideration of the language used, which cannot be explained or varied by parol evidence, counsel cited *Kinney, v. Kinney*, 34 Mich. 254, 255; *Waldron v. Waldron*, 45 Id. 353; 1 Redf. Wills, 433; *Griscom v. Evens*, 40 N. J. Law, 402; *Dunham v. Averill*, 45 Conn. 67.

*I. R. Grosvenor* and *George M. Landon,* for appellees, contended:

1. The form of the instrument is of little or no consequence in determining whether it is a will or not. If it is to operate after the death of the maker, it is enough; citing *Morrell v. Dickey*, 1 Johns. Ch. 153; *Turner v. Scott*, 51 Penn. St. 126; *Ritter's Appeal*, 59 Id. 9; *Frew v. Clarke*, 80 Id. 171; *Crain v. Crain*, 17 Tex. 80; *Crain v. Crain*, 21 Id. 790; *Millican v. Millican*, 24 Id. 426; *Hart v. Rust*, 46 Id. 556; *Gage v. Gage*, 12 N. H. 371.

2. The facts of execution and delivery, the declarations of the maker at the time, and all the surrounding circumstances of the transaction, together with the instrument itself, may be considered in such connection, and the paper will be pronounced to be what, upon the whole, the true scope and bearing of its contents entitle it to be considered; citing *Gage v. Gage*, 12 N. H. 371; *Thompson v. Johnson*, 19 Ala. 59; *Evans v. Smith*, 28 Ga. 98.

CAHILL, J. This case was commenced in the probate

court of Monroe county on the petition of Samuel L.
Lautenshlager and Elizabeth Ann Van Houten, asking
for the probating, as the will of Charles Lautenshlager,
deceased, of two instruments in writing in the form of
deeds. In that court these instruments were admitted to
probate. The contestant, John L. Lautenshlager, one of
the sons and heirs at law of the testator, appealed to the
circuit court, where, on a hearing before the circuit
judge without a jury, the order of the probate court was
affirmed. At the request of appellant the court filed a
written finding, a bill of exceptions was settled, and the
case is brought to this Court on writ of error.

Certain evidence offered by the proponents was received
against objection, and upon the admission of this evidence
various errors are assigned. It is also assigned as error
that the circuit judge found as a conclusion of law that
the instruments admitted to probate as a will were testa-
mentary in character, and ought to be admitted to pro-
bate as the last will of Charles Lautenshlager, deceased,
and the principal question in the case is as to whether
the circuit judge was right in that conclusion of law.

The instruments were, in form, warranty deeds. They
were executed December 22, 1885, before two witnesses,
and acknowledged before John L. Near, a notary public,
in the usual form. By one of them, the grantor, for the
consideration of $2,000 named,—

"Does by these presents grant, bargain, sell, remise,
alien, and confirm unto the party of the second part
[Elizabeth Ann Van Houten], and to her heirs and
assigns forever [forty acres of land in Ash, Monroe
county], together with all and singular the hereditaments
and appurtenances thereunto belonging, or in any wise ap-
pertaining; to have and to hold the said premises, as
above described, with the appurtenances, unto the said
party of the second part, to her heirs and assigns for-
ever."

Then follows the usual covenants of seisin, against in-

cumbrances, and of warranty. A similar deed was made on the same day, and for the same consideration, to Samuel L. Lautenshlager, conveying the south 40 acres of the 80-acre tract from which the description in the other deed was taken. The grantees named in these deeds were the son and daughter of the grantor. In the deed to Mrs. Van Houten, in the blank space after the description of the land, and before the words "together with all and singular," etc., was written, apparently in the same handwriting as the rest of the deed, these words:

"Also one-half of all the personal property and money left at my death shall go to the above Elizabeth Ann."

A similar provision was written in the same manner in the deed to Samuel L. Lautenshlager, giving to him one-half of all the personal property and money left at the death of the grantor. Across these clauses in the deeds, commencing at the right-hand upper corner, immediately below the description of land, and running diagonally across the blank space to the left-hand lower corner, so as to end at the word "together," was drawn a line in ink. It was claimed by the contestant that the diagonal line indicated a purpose on the part of the grantor to erase and strike out of the deeds the clauses relating to personal property, whereas it was claimed by the proponents that these clauses were intended to be and should be read as a part of the instruments. As to which of these positions was correct must depend upon what the evidence in the court below showed as to when, and the circumstances under which, the clauses in question were written in the instruments,—whether before or after the diagonal line was drawn.

It was competent, of course, to prove by the witnesses to the execution of the instruments, or by any other

80 MICH.—19.

competent testimony, these circumstances. We do not know just what evidence was offered to this point, as the bill does not purport to set out all the evidence. The finding of the circuit judge upon this point is not as explicit as it might have been made, but we think his fifth finding of fact was intended to cover this point. It is as follows:

"I find, also, as a matter of fact, that the decedent, when he made these instruments, intended that they should operate only at or after his death; that he intended that no part of his estate and interest, either in his personal property or in his real estate, should pass by virtue of these papers until his death, and that said property should then pass to the parties named; that he retained these papers in his custody, and under his control, without attempting a delivery, and retained them with full power of revocation until his death."

Accepting this as a finding of the circuit judge that these clauses relating to personal property were and should be read as a part of the instruments, it remains to be seen whether the testimony which may have influenced the finding was legal and competent.

On the trial in the circuit court the proponents, Samuel L. Lautenshlager and Elizabeth Ann Van Houten, were called as witnesses for the purpose of establishing the testamentary character of said instruments, and they were allowed, under objection, to testify that after said instruments were executed deceased took them to his room, and placed them in his bureau, where they remained till after his death; that on the day the papers were executed he communicated the fact that they were executed to them, and stated to them that he should retain them and the control of his property while he lived, and that they could not have them till after his death. This testimony was objected to upon the ground that what decedent told proponents must have been equally within his knowledge

and their knowledge, and so incompetent under our statute. How. Stat. § 7545. It must be considered as settled in this State by *Brown v. Bell*, 58 Mich. 58 (24 N. W. Rep. 824), and *Schofield v. Walker*, Id. 96 (24 N. W. Rep. 624), that the statute relied on does not apply to a case like the present. If the question were open, it might certainly admit of argument; but we are agreed that it must be considered as closed.

It is objected by contestant that the witness Near, the conveyancer who drafted the instruments, was allowed to testify that deceased, when he made the instruments, intended that they should operate only after his death; that he intended that no part of his estate, either personal or real, should pass by these papers. The bill of exceptions does not set out the testimony by questions and answers, as it was given on the trial, but gives a brief summary of it. It does not appear that the witness was asked to testify to the decedent's intention, and that such testimony was objected to and admitted. We cannot assume on this record that counsel would attempt to introduce, or that the court would permit, such testimony, nor that, if it was given, the court would act upon it.

Construing these instruments, then, as containing these clauses relating to personal property, the question arises as to whether the instruments, so construed, will justify the judgment of the court below, declaring them to be the last will and testament of Charles Lautenshlager. In determining this question it is essential that we should avail ourselves of the facts found by the circuit judge bearing upon this question. They are as follows:

"1. That the deceased, Charles Lautenshlager, was a resident of the township of Ash, in the county of Monroe, and State of Michigan, at the time of his death, which occurred upon August 12, A. D. 1888; and at the time of his death he left five children,—the appellant,

John Lautenshlager, and Henry Y. Lautenshlager, Frank Lautenshlager, and Samuel Lautenshlager, and Elizabeth Van Houten, daughter.

"2. I further find that on December 22, 1885, he executed the two papers introduced in evidence, and marked Exhibits 'A' and 'B;' that at the time of the execution of these papers by decedent he was of sound and disposing mind and memory; that he subscribed and executed these papers in the presence of two competent witnesses, who signed the same in his presence, and at his request.

"3. I further find that after the execution of these papers he took them to his room at his residence, and placed them in the bureau of his room, where they remained until after his death. Upon the day or shortly after the execution of said papers he communicated their contents and the fact of their execution to the two parties named in the papers, Samuel Lautenshlager and Elizabeth Van Houten, and stated to them substantially that he should retain them, and the control of his property, while he lived, and that they could not have them till after his death.

"4. I find, also, that he had previously deeded to each of his other three sons 80 acres of land, for which, however, they claim to have compensated him, and that he had expressed his intention to do what was right and fair by the two parties named in these documents."

The fifth finding of fact we have already quoted. Accepting these findings of the circuit judge as conclusive upon us, it is clear that all of the essential qualities of a will are to be found in these instruments, in the circumstances under which they were executed, and with which they are surrounded. The form of any instrument is of little consequence in determining whether it is a will or not. If it be executed with the formalities required by the statute, and if it is to operate only after the death of the maker, it is a will. *Bigley v. Souvey*, 45 Mich. 370; *Morrell v. Dickey*, 1 Johns. Ch. 153; *Bayley v. Bailey*, 5 Cush. 245; *Gage v. Gage*, 12 N. H. 371; *Frew v. Clarke*, 80 Penn. St. 170; Schouler, Wills, § 265 *et seq.*; 1 Redl. Wills, 170 *et seq.* That this was the intention of Charles

Lautenshlager in the execution of these instruments was found by the circuit judge to be a fact. The conclusion of law legitimately follows.

The judgment must be affirmed, with costs.

The other Justices concurred.