132     49
s92ᴺᵂ 780
e133 ¹463

132     49
d134   338

132     49
f152 ⁵196

LINCOLN *v.* FELT.

1. EVIDENCE—WITNESSES—CREDIBILITY—DEEDS.

Proponent, who asked to have a lost instrument, in the form of a deed, probated as a will, testified on a former trial that, after the death of the grantor, he saw the deed, and read the names of the witnesses and notary, who were strangers to him, and that he did not remember the names. On the second trial the evidence showed that he was acquainted with the notary and the witnesses before whom the deed was executed. *Held,* that a request to charge that the deed seen by proponent could not be the one executed before the witnesses and notary was properly refused.

2 SAME—QUESTION FOR JURY.

Inconsistency between the testimony of a proponent and his testimony on a former trial affects his credibility only, and is a question for the jury.

3. TRIAL—REQUESTS TO CHARGE—ERROR.

It is not error to refuse a request to charge where the substance of the request is given.

4. WILLS—TESTAMENTARY DEED—EVIDENCE—NEW TRIAL.

A motion for a new trial on the ground that there was no evidence of the execution of an instrument of testamentary character was properly denied, where there was testimony of the execution of a deed containing a description of certain land, and a statement that it should go to proponent after the grantor's death, and also proof that the grantor said she had given the property to proponent, "to take place after her death."

5. DEEDS—WILLS.

A deed which in form is to take effect after the death of the grantor may be admitted to probate as a will.

Error to Wayne; Donovan, J. Submitted October 17, 1902. (Docket No. 87.) Decided December 29, 1902.

Otis Lincoln presented for probate an instrument, in form a deed, as the last will and testament of Laura L. Felt, deceased. The instrument was disallowed in the

132 MICH.—4.

probate court on a contest by Noah Felt and others, the husband and heirs at law of deceased, and proponent appealed to the circuit. From a judgment for proponent, contestants bring error. Affirmed.

*Jasper C. Gates*, for appellants.

*Wells, Angell, Boynton & McMillan (Samuel W. Burroughs*, of counsel), for appellee.

MONTGOMERY, J. This controversy relates to the probate of an instrument, in form a deed, as the last will· and testament of Mrs. Laura L. Felt. Mrs. Felt was proponent's mother. The contestants are the three children of Mrs. Felt by her second marriage. It appeared that she was the owner of a 29-acre piece of land,—that in controversy in this case,—and that her husband was the owner of a 50-acre piece. In these circumstances Mrs. Felt sought to make some provision for proponent, who would not inherit from her second husband. The testimony adduced on the part of proponent tended to show that she executed a paper in the form of a warranty deed, covering the 29-acre tract; that it was found by proponent, after her death, with her other private papers; that he examined it at that time, and put it back in the box, which was locked, and the keys of which were kept by his half-brother; that after the funeral, when the box was again opened, the paper was gone, and has never since been found. The inference was doubtless drawn by the jury that the paper was abstracted by one of the half-brothers from the box, and there was testimony tending to support this view. The fact that there was a deed of some character in existence does not rest upon the testimony of the proponent alone, but is not only corroborated by other witnesses, but by a letter admittedly in the handwriting of one of the contestants.

On the trial the contestants presented but two requests to charge, which were as follows:

"1. The proponent having testified that he read the

names of the witnesses to the deed and the name of the notary public who witnessed the acknowledgment of the deed, and that they were strangers to him, and that he cannot remember the name of either of them, such a deed cannot be the deed which the witness Hamilton testified he and his wife witnessed and Slinger took the acknowledgment of, for the reason that the proponent testifies that he had known Slinger all his life, and that he had known Hamilton, who had lived within three-quarters of a mile of his mother for many years before her death.

"2. The paper which proponent claims that he found must be shown to be the identical paper which Hamilton claims he witnessed, to entitle proponent to recover. There is no evidence of identity, and the verdict must be for the defendants or contestants."

After the verdict in favor of proponent, a motion for a new trial was made, one ground of which was that the testimony did not establish the execution of an instrument of testamentary character. It is argued in this court that error was committed in refusing each of the two requests, and in refusing to grant a new trial upon the ground stated. It is argued that the testimony of the proponent given on a previous trial before Judge Frazer was to the effect that he had seen the names of the notary and the witnesses, and that they were strangers to him; and it is contended that the testimony on this trial shows that he was acquainted with those whose names appeared as witnesses, and that this showed that the instrument which proponent saw was not the one testified to by other witnesses in the case.

It would extend this opinion to too great length to set out the testimony in full given by the proponent. It should suffice to say that, in our opinion, whatever inconsistencies there may have been in his testimony on the two occasions was a question for the jury, and affected his credibility only. *Eastman* v. *Railway Co.*, 101 Mich. 597 (60 N. W. 309). The first request of contestants was, therefore, properly refused.

The second request, so far as it was proper, was covered by the charge of the court. But one deed was referred to

in the charge of the court or in the testimony, and the court said in his charge that the deed propounded "is a deed purporting to be signed—that is, the original—by Mrs. Laura Felt, to be witnessed by Hamilton and his wife, and to be acknowledged. It is the theory that the deed, just as the reproduced one I hold in my hand,—the one we have been talking about, made an exhibit in this case,—that a similar deed to this was signed in the lifetime of Mrs. Felt, and left with her private papers, and found there at the date of her death." At the close of the charge, contestants' counsel asked the court orally to charge that "the jury must find that the instrument which Lincoln says he found in the box and the one which Hamilton testified to having witnessed,—they must find that to be the identical paper." The court said:

"That is right, because the same witnesses must be to it. Well, that is correct; I had given it to the jury, if that is the paper; that Lincoln claims that the deed giving him the property was signed by Mr. and Mrs. Hamilton as witnesses."

There could be no room for the jury to mistake this, and we think the question of the identity of the paper was fairly a question for the jury upon this record.

The contention made upon the motion for a new trial, that the court erred in submitting the case to the jury, for the reason that the testimony failed to establish the execution of an instrument of testamentary character, presented that question to the court for the first time, and this might be sufficient ground for refusing a new trial; but, more than this, we think that there was testimony which tended to show that the deed in its terms was limited to take effect after the death of the grantor. The proponent testified that he examined the instrument, saw that it was a warranty deed, and "turned it over, and saw that it described the land there, and also down further that it was to go to me after her death." A Mrs. Waldron testified that decedent said she had made the homestead property to her son,—"it should take place after her death; he was to have it."

The theory of the contestants is that the testimony, fairly construed, shows that this conveyance was an instrument of absolute conveyance, with a reservation of a life estate to the grantor. Unfortunately the deed cannot be produced, and the testimony tends strongly to show that the proponent is in no way responsible for that fact. Upon this record it is not a matter of surprise that the jury should have taken the testimony most favorable to the proponent. If the deed was in form a deed to take effect after the death of the grantor, it is clear that, within our previous decisions, proponent was entitled to the probate of it as a will. *Bigley* v. *Souvey*, 45 Mich. 370 (8 N. W. 98); *Lautenschlager* v. *Lautenschlager*, 80 Mich. 285 (45 N. W. 147); *Ferris* v. *Neville*, 127 Mich. 444 (86 N. W. 960, 54 L. R. A. 464). In the present case the court charged the jury that, to entitle the instrument to probate as a will, it must be found that the instrument was executed in the form of a warranty deed, giving to proponent the land described, and, second, that Mrs. Felt executed the instrument with the intent that the gift should take effect only after her death, and that that intent was expressed in the instrument in some appropriate form. If the jury so found, it brings the case within our previous holdings.

The case appears to have been tried without error to the prejudice of contestants, and the order will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.