LEONARD *v.* LEONARD.

145　563
f152 ³195

145　563
f154 ³191

1. CANCELLATION OF INSTRUMENTS—RECORD —EVIDENCE— SUFFI-CIENCY.

On a bill to set aside a deed and cancel the record thereof, evidence examined, and *held*, not to support a finding that it was recorded by the depositary by complainant's direction.

2. WILLS—DEEDS—EFFECT OF INSTRUMENT—DEED OR WILL.

If an instrument, whatever its form or the mode of its execution, passes a present interest which vests from the time of its execution, it is a deed, though the possession and enjoyment of the estate granted in it do not accrue to the grantee until a future time; but if the instrument, though in form a deed, does not convey any vested interest, right, or estate until the death of the person executing it, it will be regarded as testamentary and revokable.

3. SAME—PAROL EVIDENCE.

The court may go outside of the writing to ascertain its character as a deed or will, not to supply an intention which cannot be found in it, but to ascertain with what intention the execution of the instrument was accompanied.

4. SAME—EFFECT OF INSTRUMENT.

Where a statutory warranty deed, containing a clause stating that it should not be operative until after the death of the grantors, was executed by husband and wife in favor of their adopted son, and placed in the hands of a third person, with instructions to care for it until after the grantor's death and then to deliver it to the grantee, such deed conveyed no present interest, but was testamentary in character, and subject to revocation at any time by the grantors.

5. DEEDS—RECORD—EFFECT.

Where an instrument in form a warranty deed, but testamentary in character, was recorded by the depositary contrary to the instructions of the grantor, such record did not operate as a delivery of the deed, nor divest the instrument of its testamentary character.

Appeal from Clinton; Stone, J.　Submitted May 8, 1906.　(Docket No. 136.)　Decided September 20, 1906.

Bill by Margaret Leonard against Frederick Leonard and Lizzie Leonard to set aside a deed and to remove a cloud from the title to land. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*William M. Smith*, for complainant.

*Henry E. Walbridge*, for defendants.

MCALVAY, J. Complainant filed her bill of complaint asking to set aside and cancel a certain paper writing made by her to defendants and their father, Frank Leonard, and to cancel and vacate record thereof made in the office of the register of deeds for Clinton county, claiming the same to be a cloud upon her title to land described therein.

Complainant and her husband, since deceased, were old people. They were childless, and had taken Frank Leonard when a small boy into the family, where he remained until he became a man. He is the father of defendants, minors, who appear and defend by him as their guardian ad litem. Michael Leonard, the husband, for several years before his death had been an invalid, requiring constant attendance. He had deeded the premises in question, which was their homestead, to complainant, his wife. She is now between 70 and 80 years old and is very ignorant.

The instrument in question was a statutory warranty deed, and contained the following clause:

"This deed is not to become operative until after the death of the parties of the first part hereto."

It was executed and acknowledged by both the husband and the wife. It is admitted in the record that at the time it was made the title of the premises was in complainant, and the husband had no interest therein. The grantees paid no consideration and had no knowledge that the instrument was made until about four years after-

wards, on the day when it was recorded. It was put into the hands of one Leonard Piggott, to be held by him until after the death of the parties executing it, when it was to be delivered to the grantees. There is no dispute in the testimony upon this point. Complainant, the notary who drew the instrument, and Leonard Piggott and his wife, who were the subscribing witnesses, all agree as to this. Shortly after the death of Michael Leonard, and on December 31, 1903, Leonard Piggott sent this instrument to the office of the register of deeds and had it recorded and returned to him. On this date he informed Frank Leonard that such an instrument had been made. The paper was never actually delivered to Frank Leonard or the defendants. On January 13, 1904, complainant caused her solicitor to make demand for said instrument of Leonard Piggott, who complied with the demand and delivered the same to him. On this same date Frank Leonard and his wife, at the request of complainant's solicitor, voluntarily made and delivered a quitclaim deed of the premises to her.

As to the material facts in the case, there is but one in dispute, and that is whether the deed was placed upon record under the direction of complainant. Upon this appeal by complainant it is contended that the instrument upon its face is testamentary in its character and conveys no interest or estate in præsenti; that it was never delivered, and while in the hands of the custodian was under the control of complainant, to be recalled and revoked at any time; that it was put upon record without the knowledge or consent of complainant, and contrary to her express direction.

Defendants insist that the delivery of the deed to Piggott was absolute and unconditional, and placed it beyond the control of complainant, and that by virtue thereof and the authorized recording of the same title passed to the grantees subject to a life estate reserved by the grantors.

Before discussing the nature and effect of the instru-

ment itself, it will be desirable to dispose of the disputed question of fact as to whether it was placed upon record with the knowledge and by the direction of the complainant. Whatever occurred in regard to this matter was at complainant's house shortly after the death of Michael Leonard, when Piggott and his wife were there to borrow money from her. Piggott and his wife testify that at this time complainant told him to put the deed on record. Complainant testifies that she told him not to put the deed on record, and he said he would not.

In view of the fact that the record shows that there was some feeling between these parties and complainant, and their inclination on cross-examination to evade answering material questions upon this matter, and that they gave a different reason when Piggott delivered the instrument to complainant's solicitor, and that such claimed instruction is directly contrary to the terms on which all the witnesses agree the paper was left with Piggott, we are strongly impressed that complainant told the truth, and we so find.

Mr. Underhill states in his work on Wills (§ 37):

"The courts in determining whether an instrument disposing of real estate is a deed or a will are guided by the following considerations: If the instrument, whatever its form or the mode of its execution, passes a present interest which vests from the time of its execution, it will be a deed, though the possession and enjoyment of the estate granted in it do not accrue to the grantee until a future time. On the other hand, if the instrument, though it is in form a deed, does not convey any vested interest, right, or estate until the death of the person executing it, it will be regarded as testamentary and revokable."

As to the admissibility of parol evidence he says the court—

"May go outside of the writing to ascertain its character; *not to supply an intention which cannot be found in it,* but to ascertain with what intention the execution of the instrument was accompanied." 1 Underhill on Wills, § 39.

The character of this instrument depends upon the effect given to the sentence:

"This deed is not to be operative until after the death of the parties of the first part hereto."

The words used cannot be said to apply simply to the enjoyment and possession of the property, but to the entire force and effect of the instrument, and are repugnant to the creation of a present interest. This construction is in harmony with the conduct of the parties. There is no evidence of a delivery or an intention to deliver the instrument during the lifetime of the makers. *Lautenshlager* v. *Lautenshlager*, 80 Mich. 285, and cases cited. Upon delivery as indicative of intent of the grantor to give effect to an instrument, see *Pennington* v. *Pennington*, 75 Mich. 600; *Schuffert* v. *Grote*, 88 Mich. 650; *Burk* v. *Sproat*, 96 Mich. 404; *Taft* v. *Taft*, 59 Mich. 185. The custodian testifies:

"[They] said the deed should be left in my care. After their death I was to present it to Frank Leonard."

All the parties now living who were present agree that these were the instructions to him. It is clear from the instrument itself and the expressions and acts of the makers at the time that it was testamentary in character, and intended so to be.

Much reliance is placed by defendants upon the fact that the recording of the instrument constituted a delivery, and authorities are cited sustaining such contention. There is a line of authorities where doubtful instruments have been held to convey a present interest, when there has been a delivery, actual or constructive. Where these decisions are based upon that ground the cases are in harmony with the decisions of this court as to delivery being indicative of the grantors' intention to give effect to the instrument. See cases above cited.

There is a conflict of authority upon the main proposition as to whether instruments containing words of similar import to those in the writing in the case at bar convey a

present interest to the grantee. Some of them upon the ground that to hold that they do, reserving a life estate in the grantor, operates equitably and gives the result intended if not actually expressed. Of this class is *Shackelton v. Sebree*, 86 Ill. 616. Of these decisions we can only say that where the words used, reasonably construed, do not pass a present interest, the instruments become the products of the courts, and not the grantors. Each case depends upon the peculiar wording of the instrument to be construed. Our construction of this instrument is in harmony with the decisions of this court. It is clear to us from the instrument itself, and the statements and acts of the makers at the time, that it was testamentary in character and revokable. It never went from the control of complainant and she has recalled and revoked it.

The decree of the circuit court is reversed, and a decree will be entered in this court in accordance with the foregoing opinion and setting aside and canceling the record of said deed as a cloud upon complainant's title, with costs to her of both courts.

CARPENTER, C. J., and BLAIR, HOOKER, and MOORE, JJ., concurred.