*In re* DOWELL'S ESTATE.

1. EVIDENCE—DECLARATIONS—RES GESTÆ—WILL CONTEST.

On the issue whether certain deeds should be admitted to probate as the will of the grantor, testimony as to what was said by him at the time the papers were drawn is a part of the res gestæ and is competent.

2. SAME—OPINION EVIDENCE—MENTAL CAPACITY.

Refusal to permit witnesses to express an opinion that a testator was incompetent is proper in the absence of testimony qualifying them to express such an opinion.

3. WILLS—MENTAL INCAPACITY—UNDUE INFLUENCE—EVIDENCE—SUFFICIENCY.

In a proceeding to have certain deeds admitted to probate as the last will of the grantor, evidence examined, and *held*, in view of the undisputed testimony that the grantor went to the scrivener alone and gave him directions as to what should be done and also went alone and got an old acquaintance to go to the scrivener and act as a witness, that there was nothing to go to the jury on the questions of mental incapacity and undue influence.

4. SAME—DEEDS INTENDED TO OPERATE AS WILL—ADMISSION TO PROBATE.

Papers in form warranty deeds but containing a provision that they are not to become operative during the lifetime of the grantor and intended to operate as a will are in fact a will and properly admitted to probate as such.

Error to Monroe; Lockwood, J. Submitted February 26, 1908. (Docket No. 161.) Decided March 31, 1908.

David, William, and Howard Dowell presented three deeds for probate as the last will and testament of Jacob Dowell, deceased. The will was allowed in the probate court, and Francis Dowell appealed to the circuit court. There was judgment for proponents on a verdict directed by the court, and contestant brings error. Affirmed.

*Thornton Dixon* and *Smith, Baldwin & Alexander*, for appellant.

*Bird & Sampson*, for appellees.

MOORE, J.  Francis Dowell, a son of deceased, on April 7, 1906, presented to the probate court for Monroe county his petition in the usual form for the appointment of himself or some other suitable person administrator of the estate of his father, Jacob Dowell.  David, William, and Howard Dowell, the other sons, constituting, with petitioner, the sole heirs of Jacob Dowell, thereafter presented their petition, alleging that Jacob Dowell left three papers in the form of warranty deeds which they claimed constituted his last will, and which they asked to have allowed as such.  The probate court allowed the deeds as the will of Jacob Dowell.  Francis Dowell, appellant, appealed from the allowance of these deeds as the last will of his father.  Each deed contains the following: "This conveyance is not to become operative during the lifetime of said first party [Jacob Dowell]."  The case was tried in the circuit court.  After the testimony was all in the judge directed the jury to find a verdict in favor of proponents.  The case is brought here by writ of error.

Testimony was admitted as to what was said by Mr. Dowell at the time the papers were drawn.  A motion was made to strike out this testimony.  The motion was overruled.  This is said to be error.  No objection was made to the admission of the testimony.  Counsel for contestant examined the witnesses fully in relation thereto.  The testimony was part of the res gestæ, and was competent; see *Leonard* v. *Leonard*, 145 Mich. 563.

The court declined to allow Moses Dowell and his daughter to express an opinion that Jacob Dowell was incompetent.  This is said to be error.  We have read the testimony of these witnesses with care, and find nothing therein which would qualify them to express such an opinion.  See *Fraser* v. *Jennison*, 42 Mich., at page 227; *O'Con-*

*nor* v. *Madison*, 98 Mich. 183; *People* v. *Borgetto*, 99 Mich. 337; *Buys* v. *Buys*, 99 Mich. 357; *In re Estate of Lefevre*, 102 Mich. 568.

It is said error was committed in refusing to submit the case to the jury on either the theory of undue influence, or want of mental capacity. The testimony is undisputed that Mr. Dowell went to the scrivener alone and gave him directions as to what he wanted done. He also went alone and got an old acquaintance of his to go to the scrivener to act as a witness. We have had occasion recently to discuss the question of testamentary capacity, and the question of undue influence, in *Leffingwell* v. *Bettinghouse*, 151 Mich. 513. It is not necessary to repeat here what was said in that case. We shall content ourselves by saying there was nothing to show want of testamentary capacity, nor was there anything to show undue influence.

The instruments offered for probate though in form deeds under the proofs in the case constituted in fact a will. *Bigley* v. *Souvey*, 45 Mich. 370; *Lautenshlager* v. *Lautenshlager*, 80 Mich. 285; *Ferris* v. *Neville*, 127 Mich. 444 (54 L. R. A. 464); *Lincoln* v. *Felt*, 132 Mich. 49; *Clay* v. *Layton*, 134 Mich. 337, and cases there cited.

Judgment is affirmed.

GRANT, C. J., and HOOKER, CARPENTER, and McALVAY, JJ., concurred.