## MOODY *v.* MACOMBER.

1. WILLS—DEEDS—EXECUTORS AND ADMINISTRATORS—CONVEYANCING.

A deed containing a clause providing that it shall not become operative until the death of the grantor, when it is to have full force and effect, interpreted in the light of surrounding circumstances indicating such intent, is a testamentary disposition of property, revocable by a subsequent will.

2. SAME—DELIVERY.

No estate passes with the delivery of a will to the devisee.

3. SAME—ESTATES OF DECEDENTS—EXECUTORS AND ADMINISTRATORS—AUTHORITY OVER REAL ESTATE—STATUTES.

The executor, under a will which grants to him full power and authority to make such disposition of the estate as may be necessary to carry into effect the provisions of the instrument, obtains title to the land coupled with a power of sale, and may maintain ejectment. 3 Comp. Laws, § 9354.

4. EJECTMENT—PARTIES—WHO MAY MAINTAIN—TITLE AND POSSESSION.

One entitled to the possession of land may maintain ejectment.

Error to Lapeer; Smith, J. Submitted January 11, 1910. (Docket No. 23.) Decided February 3, 1910.

Ejectment by Paul B. Moody, executor of the last will and testament of John B. Sutton, deceased, against John B. Macomber. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*B. F. Reed*, for appellant.

*Geer, Williams & Halpin*, for appellee.

Plaintiff herein brings ejectment against defendant to recover possession of a farm. It appears that prior to August 12, 1885, plaintiff's decedent was the owner in fee simple of the premises described. On that date he executed an instrument in the form of a deed to his wife, Louisa A. Sutton, covering said premises, and containing the following provision:

"This deed is not to become operative until the death of the grantor, named herein, at which time, and from then on, it is to have full force and effect."

Upon the same day plaintiff's decedent executed two other conveyances to his wife, covering other property, each containing the foregoing clause, and one of them containing the blanket provision, "and all other real estate of which I may die seised." He also, on the same day, executed a bill of sale of certain personal property to his wife, which contained the provision, "and all the personal property of which I may die seised." Louisa A. Sutton, the wife, executed an instrument to her husband on the same day, covering a store she owned in Lapeer, which contained the same provision found in the deed from her husband to her. All these deeds and the bill of sale were placed in an envelope, in a tin box, containing private papers of both Sutton and wife, which was kept in the safe at the store of Loder & Sutton. Sutton later re-

tired from the partnership, but the box was found in the safe at the time of his death. Prior to his death, plaintiff's decedent sold a part of the home and the "Sanilac eighty," both of which were covered by the deeds to his wife. In the fall of 1902 plaintiff's decedent made a will, by the terms of which his wife took a life estate in the entire estate; the residue being disposed of among certain of the relations of the parties. This will was probated by plaintiff, and the real and personal property, coming into his hands as executor, was turned over by him to the widow, in accordance with the terms of the will. On April 10, 1907, Louisa A. Sutton executed a deed of the premises here in dispute to defendant, in consideration of "one dollar and other consideration." This deed was deposited with an attorney, and attached thereto was a letter of instructions providing for the delivery of the deed at Mrs. Sutton's death, and the payment to her of $300 per year during her life. She died about one year later. Plaintiff then brought this action. A verdict was directed for plaintiff, and defendant has removed the case here by writ of error.

BROOKE, J. (*after stating the facts*). But two questions are presented:

(1) Does the deed in question convey a present interest, or is it testamentary in character, and therefore revoked by the will of 1902?

(2) Has the plaintiff, as executor under the will, such an interest in the farm in question as will enable him to maintain ejectment?

Gardner on Wills, at page 24, states the rule as follows:

"The essential difference between a deed and a will is that a deed must pass a present interest in the property, although the right to possession and enjoyment may not accrue until some future time, while an instrument, which passes no interest until after the maker's death, is a will. * * * Regard must be had to the intention of the

maker viewed in the light of the language of the instrument, and the circumstances surrounding the parties and attendant upon its execution"—citing cases.

1 Underhill on Wills, § 37, in discussing the question, uses language to the same effect. See, also, Borland on Wills, § 8, and cases cited.

Applying the foregoing rule to the case at bar, we find that there is no ambiguity in the language used:

"This deed is not to become operative until the death of the grantor named herein."

These words can have but one meaning, viz., that *no interest* passed to the grantee thereunder until the happening of the event described. It is manifest that the instrument cannot be *inoperative*, as provided by its terms, and at the same time *operative*, to convey a present interest to be enjoyed by the grantee, at the death of the grantor. Nor is the meaning of the language quoted enlarged, restricted, or in any wise changed by the words following the quotation. If we look to the circumstances surrounding the parties at the time of the execution of the instrument (which is unnecessary in this case), in order to ascertain the intent of the parties, there can be no doubt that both Sutton and his wife believed that, in executing deeds to each other to become operative at death, they were making a testamentary disposition of their several estates. The fact that John B. Sutton, in his lifetime, deeded away two parcels described in the deeds to his wife is significant as to his understanding of the effect of the instrument. The language contained in one of the deeds, "and all other real estate of which I may die seised," is also important as indicating a testamentary intention on the part of the grantor.

Another important fact, as bearing upon his intention, is that in 1902 he made a will by the terms of which his wife was given a life estate only. Similar provisions have frequently been construed by this court. In the late case of *Leonard* v. *Leonard*, 145 Mich. 563 (108 N. W. 985),

the language construed was: "This deed is not to become operative until after the death of the parties of the first part hereto"—where this court said:

"The words used cannot be said to apply simply to the enjoyment and possession of the property, but to the entire force and effect of the instrument, and are repugnant to the creation of a present interest."

See, also, *Bigley* v. *Souvey*, 45 Mich. 370 (8 N. W. 98); *Lautenshlager* v. *Lautenshlager*, 80 Mich. 285 (45 N. W. 147); *Ferris* v. *Neville*, 127 Mich. 444 (86 N. W. 960, 54 L. R. A. 464, 89 Am. St. Rep. 480); *Lincoln* v. *Felt*, 132 Mich. 49 (92 N. W. 780); *Clay* v. *Layton*, 134 Mich. 337 (96 N. W. 458); *In re Dowell's Estate*, 152 Mich. 194 (115 N. W. 972). The instrument, though in form a deed, was in fact a will. We find no evidence in the record of the delivery of the instrument, but whether it was delivered or not is of no consequence if, in fact, it was testamentary in character. The delivery of a will conveys no estate to a devisee therein named.

Can the executor maintain ejectment? The language of the will is as follows:

"I hereby nominate, constitute and appoint Paul B. Moody, executor of my last will and testament, with full power and authority, upon the decease of my said wife, Louisa A. Sutton, to make such disposition of any and all of the property of which I may die seised and possessed, as may be necessary to carry out the provisions of this instrument."

The statute gives to the executor the right to the possession of all real and personal estate of the deceased. Section 9354, 3 Comp. Laws. The right of an executor to maintain ejectment under this statute has been upheld. *Kline* v. *Moulton*, 11 Mich. 370; *Barlage* v. *Railway Co.*, 54 Mich. 564 (20 N. W. 587). One entitled to the possession of land merely may maintain ejectment. *Covert* v. *Morrison*, 49 Mich. 133 (13 N. W. 390); *Shaw* v. *Hill*, 79 Mich. 87 (44 N. W. 422). But we are of opinion that the language of the will above quoted is

broad enough to convey title to the land in question coupled with a power of sale, though the land is not specifically described.

The judgment must be affirmed.

MONTGOMERY, C. J., and HOOKER, MCALVAY, and BLAIR, JJ., concurred.