*In re* BROFFEE'S ESTATE.

1. WILLS—PROBATE COURT—JURISDICTION—OBJECTION NOT MADE GROUND OF APPEAL.

An objection that the commission of the foreign notary, before whom the petition for the probate of a will was sworn to, was not authenticated by a court of record, not having been made a ground of appeal from the order of the probate court, was unavailable in the circuit court.

2. SAME—DETERMINATION OF INTESTACY NO BAR TO WILL—STATUTES.

Under 3 Comp. Laws 1915, § 13832, the determination of the probate court in the original proceedings (183 Mich. 100) that deceased died intestate was not a bar to a later proceeding to probate the will.

3. SAME—ELECTION OF REMEDIES—DEED OR WILL—ESTOPPEL.

*Held,* that proponents by ineffectually claiming that the instrument now offered was a deed did not elect a remedy which prevents or estops them from now insisting it is a will, if such is its legal purport and effect.

4. SAME.

An instrument testamentary in character, if executed with the formalities required by the statute, is admissible to probate as a will, although in form a deed.

5. TRIAL—CONDUCT OF COURT—ATTORNEY AND CLIENT—INSTRUCTIONS.

Where the trial judge, in attempting to maintain the dignity of the court and the orderly conduct of the trial, was required to admonish contestant's counsel on several occasions, but finally told the jury that they must determine the case from the facts, and in effect told them that contestant should not be prejudiced by the conduct of her counsel, or anything that had been said by him, *held,* no cause for reversal.

6. APPEAL AND ERROR—COUNSEL'S BRIEF—EXPUNGED FROM RECORDS.

Where, in a supplemental brief of 24 pages, 22 pages are devoted to a discussion of counsel's personal grievances against the judge, containing much that is impertinent and scandalous, said pages will be expunged from the records of this court.

Error to Kent; Brown, J. Submitted April 24, 1919. (Docket No. 57.) Decided May 29, 1919.

Ella B. Kelly and another presented for probate an instrument as the last will and testament of Bridget Broffee, deceased. The will was allowed in the probate court, and Elsie M. Curtis, guardian of Irene L. Broffee, appealed to the circuit court. Judgment for proponents. Contestant brings error. Affirmed.

*Frank L. Carpenter,* for appellant.

*Hatch, McAllister & Raymond,* for appellees.

FELLOWS, J. This case is a continuation of the controversy between heirs of Bridget Delia Broffee, which first came to this court in *Broffee* v. *LeFils,* 183 Mich. 100. That was an action of ejectment brought by Irene Lulu Broffee, a granddaughter of Mrs. Broffee, by her next friend, against Anna M. LeFils and Ella B. Kelly, daughters of Mrs. Broffee, and their tenants, for the recovery of her interest as heir-at-law in certain premises located in Grand Rapids. A reference to the report of that case will disclose the facts in detail, together with the instrument, there and here involved. In that case defendants made their defense upon the theory that they had acquired title by virtue of the instrument there set forth, which is in form a deed. This court there held that there was not sufficient evidence of delivery of the deed and that the construction of the instrument was for the court, and that the question of Mrs. Broffee's intent was improperly left to the jury. We therefore reversed the case and granted a new trial.

Thereafter Mrs. Le Fils and Mrs. Kelly offered the instrument for probate as a will and it was admitted. Irene Lulu Broffee, by her guardian, Elsie M. Curtis, appealed to the Kent circuit court from

such order and there contested the admission of the instrument to probate as a will. Upon the trial in the circuit court the instrument was sustained by the jury as Mrs. Broffee's will, and contestant brings the case here for review. Her counsel groups and considers the assignments of error under the following heads:

"(1) Jurisdiction and powers of probate courts, and probate proceedings.

"(2) Election of remedies and day-in-court.

"(3) Execution of wills.

"(4) Juridical abuse of counsel, etc."

The petition for admission of the instrument to probate was sworn to before a notary public of Douglas county, Nebraska. There was no certificate of a court of record of that county to the effect that he was a notary public. This was not made a ground of appeal from the order of the probate court and the trial judge correctly held that this objection to the proceedings was not available.

We do not agree with contestant's counsel that the determination of the probate court in the original proceedings there that Mrs. Broffee died intestate is a bar to this proceeding, and forecloses that court from entertaining a petition for the probate of a will. Nor do we agree that proponents, by ineffectually claiming that the instrument was a deed, elected a remedy and thereby are prevented or estopped from insisting that it is a will if such is its legal purport and effect. *In re Butts' Estate*, 173 Mich. 504, the case most strongly relied upon by contestant's counsel, is not in point. This court there had before it the question of whether a probate court, having admitted to probate an instrument, as and for the last will of a deceased person, could subsequently vacate such order and admit as such last will an instrument of later date. The general rule of other jurisdictions

authorizing such action was held not to have been adopted in this State and the authorities were cited. That case and the authorities cited proceed upon the theory that the determination of the probate court is a finality; that its proceedings are statutory, and that except as permitted by statute the probate court may not vacate its judgments or again hear the same matter. But where the estate is administered as an *intestate* estate the statutory authority is expressly granted to the probate court to thereafter admit to probate a will. Section 13832, 3 Comp. Laws 1915, provides:

"If, after the granting of letters of administration by any probate court, on the estate of any deceased person, as if he had died intestate, a will of such deceased person shall be duly proved and allowed by such court, the first administration shall, by decree of said court, be revoked, and the powers of the administrator shall cease, and he shall thereupon surrender his letters of administration into the probate court, and render an account of his administration, within such time as the court shall direct."

The instant case falls within this statute. Where a will has been admitted to probate there is no statutory authority or common law power in the probate court to admit another will to probate. Where the estate is administered as intestate there is statutory authority for the later probating of a will.

We do not perceive in what manner these proponents have elected a remedy or estopped themselves from propounding this instrument as a will. Where one having two or more inconsistent remedies deliberately selects one, courts have quite uniformly held that he was estopped from asserting others. This rule, however, does not apply to a mistaken remedy. But in the instant case these proponents in defending an action of ejectment claimed title to the land under

the instrument in question which was in form a deed and which was then supposed by them to be valid as a deed. They now claim title to the same land, from the same source, under the same instrument, recognizing it as testamentary in character and requiring only the action of the probate court to give it validity. They have from the first consistently insisted that they had title to the premises by virtue of this instrument; that in the former case they mistakenly supposed it was a deed does not preclude them from asserting in this proceeding its correct character.

The instrument contained the following clause:

"It is hereby expressly understood that this deed is not to be delivered or become operative except in case of the death of the party of the first part."

This court has frequently held that language of like purport made the instrument testamentary in character and if executed with the formalities required by the statute authorized its admission to probate as a will although in form a deed. *Lautenshlager* v. *Lautenshlager*, 80 Mich. 285; *In re Dowell's Estate*, 152 Mich. 194; *Lincoln* v. *Felt*, 132 Mich. 49; *Leonard* v. *Leonard*, 145 Mich. 563; *Moody* v. *Macomber*, 159 Mich. 657 (134 Am. St. Rep. 755). The testimony of Mr. Tucker, the scrivener who drew the instrument, tends to establish that all the formalities of due execution were observed. The other witness was deceased. As against this is the testimony of contestant's counsel tending to discredit the testimony given by Mr. Tucker. The jury under a carefully prepared charge found for the proponents. We are not prepared to disagree with their conclusion.

Complaint is made of the treatment of contestant's counsel by the trial judge and it is insisted that contestant's case was prejudiced thereby. Many pages of the record are taken up with colloquy between court and counsel. From the very beginning of the trial

counsel for contestant persisted in a course of conduct not conducive to the orderly conduct of the case and the due administration of justice, culminating in the expression used to opposing counsel: "Now, that is a contemptible statement, and it is a lie to boot." Counsel admits in his brief that this language was unparliamentary. The trial judge, in attempting to maintain the dignity of the court and the orderly conduct of the trial, was required to admonish counsel on several occasions, and finally told the jury that they must determine the case from the facts, and in effect told them that contestant should not be prejudiced by the conduct of her counsel, or anything which had occurred between court and counsel or anything which had been said by him. From this record it may be inferred that contestant was more liable to be prejudiced by the conduct of her counsel than by anything said or done by the trial judge. We find nothing upon this record justifying a reversal for the conduct of the court. In a supplemental brief of 24 pages counsel has devoted 22 pages to the discussion of this question. Much not appearing in the record is here detailed. Counsel's personal grievances are here aired. Much that is impertinent and scandalous is found. These 22 pages will be expunged from the records of this court. It is the right of counsel to assign error upon the conduct and statements of the trial judge, and to properly discuss such assignments of error. But this court will not tolerate the use of such assignments of error as a vehicle for abuse of the trial judge or to vent the spite of an unsuccessful attorney. The judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.