Isadore Cadieux, 83 years old, died August 20, 1924, after an illness of one day. On March 8, 1923, he, alone, went to the home of an attorney whom he knew, living in the neighborhood, and requested that a will be prepared. The attorney made pencil memoranda of testator's instructions, later reduced *Page 241 
the will to form, and on the next day it was read to him and duly and formally executed. He left two children by a first marriage, William and Ida, now Ida Brow, and three by a second marriage, Alfred, Victor, and Jeanette, now Jeanette Goodenow.
Testator made specific devises of real estate to each of the five children, and then devised a parcel to the four first above named, saying in the will of that:
"I have omitted my daughter Jeanette Cadieux (now Mrs. Ralph J. Goodenow) in this last-mentioned gift and devise because of having heretofore deeded to her property and a home of greater value than that received by my other children and with the thought of treating all my children uniformly and equitably."
The devise to Mrs. Goodenow, the contestant, was an addition of 6 feet to the parcel which had been conveyed to her long before the will was made. A small bequest was made to a daughter of contestant. Testator, a widower, lived a number of years immediately prior to his death in the Goodenow home. A verdict was directed for the will. Contestant bring error.
Mental competency. Contestant's husband, Dr. Ralph J. Goodenow, a practicing physician, testified candidly. He said: "He (testator) was never of unsound mind to the day he breathed his last." The testimony of contestant herself, carefully analyzed, is to the same effect. Some witnesses testified of testator's being somewhat forgetful of names of persons and of his failing to recognize persons readily. The latter may have been due to the fact that he suffered somewhat defective vision. But such trivial matters made no issue of his competency to make a will. In re Murray's Estate, 219 Mich. 70. The following testimony of a witness for contestant states the undisputed fact:
"He was a fine type of man. He was a very intelligent old man for his years. * * * And he appeared *Page 242 
physically pretty well; sort of well preserved. I wouldn't call him weak or infirm mentally, in fact, in my opinion, it was far from that condition."
There was no issue of mental competency.
Undue influence. The evidence is aimed almost wholly at the daughter Ida. When, about 1912, the father deeded the home to Mrs. Goodenow, Ida complained to her father of that, "nagged at him," it is said. She complained at other times. The father's attitude toward that is shown by what he said:
"He told her to keep quiet or he would cut her out of any property."
There is testimony that the father and William had talked of the property but no testimony that William influenced or attempted to influence the father improperly relative to the disposition of his property. Testator in his will treated all his children practically alike except contestant, and he explained that in his will. None of the children knew of the making of the will. The father went alone to his attorney, and alone gave directions as to what he wanted done. In re Dowell'sEstate, 152 Mich. 194. The daughter Ida was treated in the will the same as other children. She gained nothing by her complaints, nor was she punished for them. The will itself suggests no undue influence. The testator was of sound mind. It was his property. He could do with it as he chose. He did. We find no issue of undue influence. In re Weber's Estate,201 Mich. 477; In re Shanahan's Estate, 176 Mich. 137; In reWilliams' Estate, 185 Mich. 97; In re Fay's Estate, 197 Mich. 675.
Another question raised is disposed of by what has been said, and need not be discussed. We find no error.
Judgment affirmed.
SHARPE, C.J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred. *Page 243