*In re* HENRY'S ESTATE.

HENRY *v.* DREW.

1. WILLS—FORM OF INSTRUMENT UNIMPORTANT IF EXECUTED WITH STATUTORY FORMALITIES.

Form of instrument is of little consequence in determining whether it is will; but if it be executed with formalities required by statute, and if it is to operate only after death of maker, it is will.

2. SAME—INTENT CONTROLLING.

If testator does not intend instrument to take effect as will, but intends it to take effect only when additional formalities are completed, it will not be given effect.

3. SAME—INTENT DEDUCED FROM WRITING.

Whether letter written and mailed by testatrix to her attorney in form and substance purporting to be codicil to former will, was intended to take effect as such, must be deduced from writing itself.

4. SAME—LETTER EFFECTIVE AS CODICIL WHERE STATUTORY FORMALITIES COMPLIED WITH—INTENT.

Letter written by testatrix and mailed to her attorney who had drawn her will, in form and substance purporting to be codicil to will, naming beneficiaries, stating portion each should take, and which was executed with all statutory formalities, is valid will, where contrary intent does not appear from writing; and it is immaterial that she may have intended attorney to redraft will.

Appeal from St. Clair; Robertson (William), J. Submitted June 15, 1932. (Docket No. 102, Calendar No. 36,599.) Decided September 16, 1932. Rehearing granted January 25, 1933.

Archibald Drew presented for probate the will of Maggie Henry, deceased. Thomas A. Henry presented for probate a codicil thereto. Contest certified to circuit court. From judgment denying pro-

On sufficiency of letter as will, see annotation in 15 L. R. A. 635; 17 L. R. A. (N. S.) 1126; 54 A. L. R. 926.

bate of codicil, Henry appeals. Reversed, and remanded.

*John R. Rood,* for appellant.

*Benedict & Benedict (Walsh, Walsh & O'Sullivan,* of counsel), for appellees.

McDONALD, J. Maggie Henry died September 30, 1929. She was survived by Thomas A. Henry, her husband, and Archibald Drew and Myrtle Irwin, two children by a former marriage. On September 8, 1923, she executed her will in which she gave all of her estate to the two children. The will was drawn by Robert T. Speed, an attorney of Detroit. On September 24, 1929, six days before her death, she sent the following letter to Mr. Speed:

"Some time ago I had you make my will. I wish to change it as follows:

"All of my property, estate and holdings to be equally divided between my son Archie, my daughter Myrtle, and my husband Thos. A. Henry, each to receive one-third of my entire estate, real and personal.

"Signed in presence of:        MAGGIE HENRY,
                                                    X
"MRS. BESSIE YEAGER,        (Her cross)
"CLARA M. WHITING.        BESSIE YEAGER."

The letter was mailed to Mr. Speed and he acknowledged its receipt on September 25, 1929. On the death of Mrs. Henry, the children presented the former will for probate, and Thomas A. Henry offered the letter as a codicil thereto. Both instruments were contested. The contest was certified to the circuit court, where, on the hearing, a judgment was entered sustaining the original will and denying

probate to the letter. From this judgment Thomas
A. Henry has appealed.

The appeal involves only the question whether the
letter is testamentary in character and constitutes
a codicil to the former will. It is the contention of
the contestants that it is not a will; that it was
merely a letter to her attorney instructing him to
redraft her former will in accordance with the sug-
gested changes.

"The form of any instrument is of little conse-
quence in determining whether it is a will or not.
If it be executed with the formalities required by
the statute, and if it is to operate only after the
death of the maker, it is a will." *Lautenshlager* v.
*Lautenshlager,* 80 Mich. 285.

"If testator does not intend the instrument in
question to take effect as his will, but intends it to
take effect only when additional formalities are com-
pleted, it will not be given effect. For this reason,
instructions for a will to be drawn and executed in
the future will not amount to a will, although they
would be a valid will as far as execution is con-
cerned if testator had so intended." 1 Page on
Wills [2d Ed.], § 47, p. 85.

The letter in question indicates that the testatrix
intended by that means to dispose of her property to
take effect after her death. We must accept the
instrument for what it purports to be. It names the
beneficiaries, states what portion of her estate each
shall take, and is executed with all the formalities
required by the statute. It is a valid will unless
there is something in its language showing that she
did not intend it to operate as such but intended it
merely as an instruction to her attorney in redraft-
ing her former will. Her intention must be deduced
from the paper itself. If she had intended it merely

as an instruction to her attorney, it is unlikely that she would have executed it in the manner required by the statute for the execution of wills (3 Comp. Laws 1929, § 13482). It is possibly true that she intended Mr. Speed should redraft the will, but that would not render the letter ineffective as a will. This letter, having received her sanction as her will, would remain such until the redraft was prepared and executed. In *McBride* v. *McBride,* 26 Grat. (67 Va.) 476, it was said:

"It is not necessary that the paper should be the identical one intended by the testator for his last will and testament. If the instrument has once received the sanction of the testator as the final disposition of his property, it will so remain until revoked or canceled in some one of the modes required by the statute. He may have always intended to make another will, but until that intention is consummated by the execution of a posterior instrument, the first will stand as the last will and testament, however little it may reflect the wishes of the testator."

In the instant case the testatrix caused this letter to be written and mailed to her attorney six days before her death. In form and substance it purports to be a codicil to her former will. It should have been admitted to probate with that will.

The judgment is reversed and the cause remanded, that proceedings may be taken in accordance with this opinion. Costs to plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.