Maggie Henry died September 30, 1929. She was survived by Thomas A. Henry, her husband, and Archibald Drew and Myrtle Irwin, two children by a former marriage. On September 8, 1923, she executed her will in which she gave all of her estate to the two children. The will was drawn by Robert T. Speed, an attorney of Detroit. On September 24, 1929, six days before her death, she sent the following letter to Mr. Speed:
"Some time ago I had you make my will. I wish to change it as follows:
"All of my property, estate and holdings to be equally divided between my son Archie, my daughter Myrtle, and my husband Thos. A. Henry, each to receive one-third of my entire estate, real and personal.
 "Signed in presence of: MAGGIE HENRY, X
"MRS. BESSIE YEAGER, (Her cross) "CLARA M. WHITING. BESSIE YEAGER."
The letter was mailed to Mr. Speed and he acknowledged its receipt on September 25, 1929. On the death of Mrs. Henry, the children presented the former will for probate, and Thomas A. Henry offered the letter as a codicil thereto. Both instruments were contested. The contest was certified to the circuit court, where, on the hearing, a judgment was entered sustaining the original will and denying *Page 501 
probate to the letter. From this judgment Thomas A. Henry has appealed.
The appeal involves only the question whether the letter is testamentary in character and constitutes a codicil to the former will. It is the contention of the contestants that it is not a will; that it was merely a letter to her attorney instructing him to redraft her former will in accordance with the suggested changes.
"The form of any instrument is of little consequence in determining whether it is a will or not. If it be executed with the formalities required by the statute, and if it is to operate only after the death of the maker, it is a will."Lautenshlager v. Lautewshlager, 80 Mich. 285.
"If testator does not intend the instrument in question to take effect as his will, but intends it to take effect only when additional formalities are completed, it will not be given effect. For this reason, instructions for a will to be drawn and executed in the future will not amount to a will, although they would be a valid will as far as execution is concerned if testator had so intended." 1 Page on Wills [2d Ed.], § 47, p. 85.
The letter in question indicates that the testatrix intended by that means to dispose of her property to take effect after her death. We must accept the instrument for what it purports to be. It names the beneficiaries, states what portion of her estate each shall take, and is executed with all the formalities required by the statute. It is a valid will unless there is something in its language showing that she did not intend it to operate as such but intended it merely as an instruction to her attorney in redrafting her former will. Her intention must be deduced from the paper itself. If she had intended it merely *Page 502 
as an instruction to her attorney, it is unlikely that she would have executed it in the manner required by the statute for the execution of wills (3 Comp. Laws 1929, § 13482). It is possibly true that she intended Mr. Speed should redraft the will, but that would not render the letter ineffective as a will. This letter, having received her sanction as her will, would remain such until the redraft was prepared and executed. In McBride v. McBride, 26 Grat. (67 Va.) 476, it was said:
"It is not necessary that the paper should be the identical one intended by the testator for his last will and testament. If the instrument has once received the sanction of the testator as the final disposition of his property, it will so remain until revoked or canceled in some one of the modes required by the statute. He may have always intended to make another will, but until that intention is consummated by the execution of a posterior instrument, the first will stand as the last will and testament, however little it may reflect the wishes of the testator."
In the instant case the testatrix caused this letter to be written and mailed to her attorney six days before her death. In form and substance it purports to be a codicil to her former will. It should have been admitted to probate with that will.
The judgment is reversed and the cause remanded, that proceedings may be taken in accordance with this opinion. Costs to plaintiff.
CLARK, C.J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. *Page 503