## DODSON v. DODSON.

1. WILLS—CHARACTER OF INSTRUMENT — DEED OR WILL — PAROL EVIDENCE.

   Extrinsic evidence is not admissible to show that undelivered deeds, purporting to convey a present interest subject to a condition subsequent, were intended to operate as a will.

2. SAME—UNDUE INFLUENCE—FRAUD.

   Undue influence may be exercised through fraud.

3. SAME—EVIDENCE—SUFFICIENCY

   Fraudulent influence may be inferred from circumstances.

Error to Ionia; Davis, J. Submitted December 7, 1905. (Docket No. 159.) Decided December 30, 1905.

James E. Dodson and others presented for probate the last will and testament of Philip Dodson, deceased, and also petitioned to admit to probate two deeds executed but not delivered by decedent. The will and deeds were admitted to probate, and Harmon B. Dodson and George D. Dodson, sons of deceased, appealed to the circuit court. There was judgment for contestants, and proponents bring error. Reversed.

*George E. Nichols* and *Dwight C. Sheldon*, for appellants.

*Scully & Davis* and *Morse & Locke*, for appellees.

HOOKER, J.    Philip Dodson, acting under the advice of a scrivener, executed two deeds of real estate and a will disposing of his personal property.    He took them to his residence and put them in a drawer.    Before his death he instructed one of his sons, Edward, with whom he lived, to take the key to the drawer after his death, have the deeds recorded at once, and present the will for probate. This was done.    Two of Philip's sons were given disproportionately small shares of the property, and they contested the will.    It was, however, admitted to probate, and contestants appealed.    About the time that the appeal was taken, a petition to admit the deeds to probate was filed, and they were afterwards admitted to probate, and an appeal was taken from that order.    Subsequently the circuit court made an order consolidating the two appeals, and the case was tried before a jury, resulting in a verdict for the contestants, and an order was entered adjudging that said writings were not the last will and testament of Philip Dodson, and an appeal has been taken, by two sons and three daughters of Philip Dodson, from that order.

An important question in this case is whether the deeds can be held to be a testamentary disposition of the property described in them.    We may premise a discussion of that question by the statement that the circumstances under which they were made, and attending their disposition and custody, are convincing that they were so intended.    Indeed, they leave no doubt that such was the testator's intention.    But the rule is that a testator's intention cannot be given effect as against the plain and unambiguous provisions of a deed, and the rule is settled in this State that where there is nothing in the instrument to indicate a testamentary intent, but, on the contrary, it is in terms plainly a deed conveying a present interest, extrinsic evidence is not admissible to show the contrary.

The subject is discussed at length in the case of *Clay* v. *Layton*, 134 Mich. 341.

The deeds in question contain similar provisos, a quotation from one of which will serve to show the nature of both: "Provided, that the second party shall within five years after the death of said first party pay to Harmon B. Dodson, his heirs or assigns, five hundred ($500.00) dollars without interest, as follows," etc. In all other respects these deeds are in the ordinary form of deeds intended to convey a present interest. The least that can be said of them is that, if delivered, they would have conveyed a present interest, though subject to a condition subsequent. It follows, from the case of *Clay* v. *Layton* and the authorities there cited, that we must hold that these deeds were not subject to probate as a testamentary disposition of property. We cannot hold that they are ambiguous, and therefore subject to explanation by extrinsic evidence, without saying the same of similar deeds actually delivered during the grantor's lifetime, which would be to unsettle the law applicable to deeds containing conditions subsequent.

We have examined the testimony with care, and feel justified in saying that there is nothing in the record justifying the submission to the jury of the questions of incompetency, insane delusion, or monomania. The question of undue influence was, however, one which it would not have been proper for the court to determine. As the cause must be reversed on the other grounds, it is unnecessary to discuss the testimony at length, or to say more than that upon the theory that the testator was designedly deceived by the persons with whom he lived and others of his children, it was not impossible that a jury might consistently find an improper and undue influence which would justify the denial of probate to the will. *In re Seymour's Estate*, 111 Mich. 203; *Rivard* v. *Rivard*, 109 Mich. 98; *Lyon* v. *Dada*, 111 Mich. 340. Undue influence may be exercised through fraud. 4 Curr. Law, p. 1873. It is needless to do more than state that fraudu-

lent influence is rarely susceptible of direct and clear proof, but may be inferred from circumstances tending to show it.

The order is reversed, and a new trial ordered.

MOORE, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.