| 135  131 |
| f143  655 |

PAUL SCHILLINGER, Appellant, v. THERESA BAWEK, Jo-
    SEPH BAWEK, MARY WASHATKA, MATHIAS WASHATKA,
    CAROLINE LENTZ and JOSEPH LENTZ, Appellees.

**Wills:** REVOCATION.  A will may be revoked by the execution of
1  another of later date, although there is no revocation clause
   in the latter instrument.

**Deeds:** DELIVERY: PASSING OF TITLE: WILLS.  A deed proper in
2  form, duly signed and acknowledged, and deposited with a
   third person to be delivered upon the death of the grantor's
   wife, will, upon delivery, pass title as of the date so deposited;
   and its effectiveness is not destroyed by reference thereto in
   the will of the grantor, of the same date, which gives to his
   wife the life use of the property so conveyed.

**Wills:** SEPARATE INSTRUMENTS: VALIDITY.  Where it is attempted
3  to incorporate into a will some instrument not properly exe-
   cuted as such, the will itself must identify the paper as being
   then in existence, and show the testator's intention to make it
   a part of his will; but where the instrument does not get its
   vitality from the will a misdescription of the same therein
   does not affect its validity.

**Mental incapacity:** EVIDENCE.  Evidence that a wife was childish
4  and "a little off" at the time she joined with her husband in
   the execution of a deed does not show mental incapacity to
   make the deed.

**Trust property:** ESTABLISHMENT OF TITLE: WHO MAY COMPLAIN.
5  Ordinarily one having no title to property in himself is not
   interested in the title which may be established in another,
   but where related as a brother to the party beneficially inter-
   ested, he may object to a decree establishing absolute title
   thereto in the trustee.

*Appeal from Mitchell District Court.*— HON. CLIFFORD P.
                        SMITH, Judge.

                   MONDAY, JUNE 10, 1907.

    ACTION for the partition of certain real estate.  De-
fendants denied plaintiff's ownership of any part of the

property, and pleaded title in themselves, based upon certain conveyances and the will of Bernhard Schillinger, deceased. Plaintiff claimed that the conveyances were never delivered, that they were obtained through fraud and undue influence, and that at the time the will and conveyances were made deceased was of unsound mind and incapable of making or entering into the same. The case was tried to the court, resulting in a decree dismissing plaintiff's petition and establishing defendants' title in and to the premises in controversy. Plaintiff appeals.— *Modified.*

*Salisbury & Graves,* for appellant.

*Eaton & Salisbury,* for appellees.

DEEMER, J.— Plaintiff and defendants Theresa Bawek, Mary Washatka, and Caroline Lentz are the children and heirs at law of Bernhard Schillinger, deceased. The other defendants are the husbands of some of the daughters and the minor children of another daughter, Christina Brown. Some time in June, of the year 1898, Bernhard Schillinger made a will. As this will has never turned up, and it is claimed it has been destroyed, oral testimony was introduced as to its contents, the purport of which is as follows: " Personal property and use of land while she lived was granted to his wife, Maria Schillinger, Mary Washatka, Christina Brown, Theresa Bawek, and Caroline Lentz. Each was to receive 20 acres of the east half of said quarter section, and the other eighty of said quarter, undivided, was left to the two boys, Paul and Jacob, to the best of my recollections and belief. Some objection was made to Paul's sharing with the others, on the ground that he had received his share already, and I asked testator whether Paul had not had his share, and he answered, ' Paul, good boy, he stays at home,' and testator then signified to me that Paul should have his share of the estate."

Thereafter, and on the 26th day of November, Schillinger made another will, which was duly published and witnessed, the material parts of which read as follows:

I, Bernhard Schillinger, of Union township, Mitchell county, and State of Iowa, being of sound memory and mind, do hereby make and declare this to be my last will and testament to-wit:   .   .   .

Fourth.   I give, devise and bequeath to my beloved wife, Maria Schillinger, all of my household furniture, goods, chattels, notes, money and all other personal property left after my death for her only use as long as she lives, to be paid her as she needs it by my executor of this my last will and testament.

Fifth.   I and my wife, Maria Schillinger, have this day sold our real estate to our heirs and deeded to them with instructions that my wife Maria shall have to get the share or one half of the crop annually from the northeast quarter of section No. 15, township 100, range 17, in Mitchell county, Iowa, said land shall be rented after my death by my executor to a reasonable party yearly, and this all I give to my wife as her one-third which the law of the State of Iowa allows her from my property (in lieu of dower, to which she is entitled by law).

Sixth.   It is my will that my executor shall only pay also from the aforesaid crop rent to my wife as long as she lives, as much as she needs from time to time as she requires it and found as necessary by my executor.

Seventh.   After my wife's death my heirs can get the deeds recorded and take possession of the real estate as deeded this day.

Eighth.   After my wife's death my executor of this my will shall have a monument of fifty dollars erected on my grave and within one year after my wife's death my executor shall have all my personal property, chattels, notes, etc., converted into money and after deducting his expenses and fees, allowed him by law, he shall pay over to all my heirs alike, the rest of money then left in his hands.

Ninth.   It is my will that my executor shall not be required to give bonds or security to the judge of probate for the faithful execution of this my last will and testament.

Tenth.   I hereby appoint Nick Weyland of Stacyville,

Mitchell County, and State of Iowa, to be the executor of this my last will and testament.

On the same day Schillinger made warranty deeds to the following of his sons and sons-in-law, to-wit: one to Joseph Bawek and Mathias Washatka for sixty acres of land, for the express consideration of $10 and love and affection; one to Jacob Schillinger for forty acres of land for the same consideration; one for the same consideration conveying twenty acres of land to the children of Hy and Christina Brown; and one for the same consideration conveying forty acres to Joseph Lentz. These were not signed by the wife of Bernhard Schillinger, Maria, who was then alive, until November 29, 1898, when they were each signed and acknowledged by her. These deeds were drawn up by one Nick Weyland, and after their execution they were delivered to him, and by him placed in an envelope, which was indorsed: ".Deeds of B. Schillinger to be given to his heirs after Maria Schillinger died." As Weyland was about to leave the country, he took the papers so indorsed, and delivered them to the clerk of the district court of Mitchell county, who held the deeds until the death of Maria Schillinger, when some, or all, of them were delivered to the grantees named. The will which we have copied was offered for probate in the courts of Mitchell county after the death of testator, which occurred some time in January of the year 1899. Plaintiff filed objection to the probate of the will, but at the time of hearing, to-wit, April 23, 1900, these objections were withdrawn, and the will was duly probated.

I.    It will be noticed that the executor of the will was to rent the lands after the testator's death for the benefit of his wife. This was done by Weyland until he left the country, and by plaintiff herein, after Weyland's removal, who was appointed administrator with the will annexed, until the death of Maria Schillinger in October, of the year 1905. so that plaintiff was acting as trustee under the will from May until October, 1905. All, or nearly all, of the deeds hitherto

mentioned have been delivered to the grantees named therein after the death of Maria Schillinger. Plaintiff commenced this action December 22, 1905, asking for the partition of all of the real estate covered by the deeds, which was all of the real estate owned by the testator, and he claimed in his pleadings that neither the will nor the deeds were or are of any validity on account of matters to be hereafter mentioned and considered.

It is contended that such fraud and undue influence was exercised by the grantees in the deeds and the beneficiaries under the will that neither deeds nor will should be given any force or effect. This is purely a fact question; plaintiff having the burden of the proof upon the issues so tendered. We have gone over the entire record upon this proposition and find that plaintiff has failed on this issue.

II. Next it is contended that Bernhard Schillinger was unsound of mind, and did not have mental capacity to make either will or deeds at the time the same were executed. This, too, is purely a question of fact, with the burden upon the plaintiff and appellant. And here, again, we think he has failed to show incapacity upon the part of the testator or grantor to make either the will or the deeds. We shall not set out the evidence upon either proposition, as it is not our custom to do so and it would serve no useful purpose in this case. A statement of ultimate conclusions is all that can be expected.

III. Next it is contended that the will of November 26th did not revoke the prior one, made in June of the same year, in that there is no contradiction in the terms of the two instruments. The basis for this contention is unsound, as the facts already found disclose. If they are exactly the same in terms, then it makes no difference which one is probated; nor will it profit plaintiff and appellant to have the first one probated under such circumstances. If there is an inconsistency, the

1. WILLS:
   revocation.

last will is to be given effect, at least in so far as it is inconsistent with the first one. As the latter will attempted to dispose of testator's entire estate, it manifestly revoked the former one, even though there was no revocation clause in the last will. *Dempsey v. Lawson,* 2 P. & D. (Eng.) 98. By section 3276 of the Code it is expressly provided that a will may be revoked by the execution of a subsequent one, so it follows that the will of November 26th was testator's last will and testament.

IV.   Next it is argued that the deeds, executed at the same time as the will, were never executed or delivered by the grantor, were testamentary in character, and are not sufficiently identified in the will of November 26th as to make them a part thereof, and that none of the defendants took anything under the deeds. The deeds are each in proper form, were duly signed and acknowledged, and placed in the hands of Weyland, as stated, to be delivered upon the death of Maria Schillinger; and the initial question here is: Were they sufficiently delivered so as to pass title apart from their connection with the will? Most of these propositions are questions of fact. We are satisfied that both testator and his wife signed and executed the instruments, and that they were delivered to Weyland, as stated, and that some, if not all, of them have since come into the hands of the grantees therein named. Under the rule announced in this State, we think there was a valid delivery of the deeds, which related back to the time they were deposited with Weyland. See *White v. Watts,* 118 Iowa, 549; *Trask v. Trask,* 90 Iowa, 318; *Hinson v. Bailey,* 73 Iowa, 544; *Saunders v. Saunders,* 115 Iowa, 275; *Craven v. Winter,* 38 Iowa, 479; *Dettmer v. Behrens,* 106 Iowa, 588.

2. DEEDS: delivery: passing of title: wills.

The recitation in the will regarding these deeds does not have the effect of destroying them, and there is no inconsistency between these deeds and the will. Under the circumstances disclosed, there were conveyances of the land

to the grantees named with what was the equivalent of a reservation for the life of Maria, the wife, of the use and profits of the property, and this reserved estate was taken care of and disposed of by will. Even though the will may be said to have left the fee title undisposed of, the deeds conveyed that title with a reservation in the grantor of an estate for the life of his wife or of himself, and this he disposes of by will. The deeds are operative in and of themselves, and do not need any re-enforcement from the will. They are not testamentary in character. Indeed, the will would seem to negative that thought. See, as sustaining these views, *Blake v. Rourke,* 74 Iowa, 522. *Wilson v. Carter,* 132 Iowa, 442, relied upon by appellant, is not in point, for the reason that the deed in that case did not convey a present estate. By its terms neither possession nor title were to pass until after the grantor's death, and then only upon certain conditions. In the present case, the deeds pass a present interest. The will recites a present sale, with a possible reservation of a life estate in the wife. The case just cited clearly points out the distinction.

V. But it is said that the will does not refer to the deeds, for that the deeds were not made to testator's heirs, but to the husbands of those heirs. This is true as to some of the deeds, but not as to others. Part of them were made to the heirs; but, as the deeds do not get vitality from the will, a misdescription thereof in the will can have no effect upon them. If the deeds were not valid as deeds, but must be established, if at all, as testamentary in character, we should have quite a different case. The reference in the will to the deeds is not very satisfactory in character. The deeds were each signed by Bernhard and Maria Schillinger in the presence of and witnessed by two witnesses, at the request of the grantors. They were not, perhaps, sufficiently identified by description in the instrument denominated the will; but, as they were properly signed and witnessed, so that they might

3. WILLS: separate instruments: validity.

be proved as a will or parts of a will, the case is not like one where a paper which is not properly executed as a will is attempted to be made a part thereof by reference. It is well established that a will may be made up of separate sheets of paper, and they need not be fastened together. *Wikoffs App.*, 15 Pa. 291 (53 Am. Dec. 597); *Barnewall v. Murrell,* 108 Ala. 366 (18 South. 831); *Ela v. Edwards,* 16 Gray (Mass.) 91; *Harp v. Parr,* 168 Ill. 459 (48 N. E. 113). Where attempt is made to incorporate into a will something not properly executed as a will, the will must itself refer to the paper to be incorporated as then being in existence, and in such away as to reasonably identify such paper in the will and to show testator's intention to incorporate such instrument in his will and to make it a part thereof. The document must be so described, that the description together with evidence of the identity and genuineness of the document, will be sufficient to show that it is the document referred to in the will. Extrinsic evidence cannot be received to supply deficiencies of identification, as this would destroy the statutory provision that all wills must be in writing. This proposition is very well covered in *Dobson v. Dobson,* 142 Mich. 586 (105 N. W. 1110); *Appeal of Bryan,* 77 Conn. 240 (58 Atl. 748); *Saunders v. Saunders,* 115 Iowa, 275, and other like cases. But, as we have seen, this rule has no application to the case at bar, where all the instruments were duly executed, properly witnessed, and published. In the latter case the only question is: Do they constitute parts of testator's will, although found in separate documents? Where the will refers to some other document solely as a means of identification of the beneficiaries under the will, or as being a part of the will, and this is properly executed and witnessed, the ordinary rules as to identification do not apply. *Piffard's Estate,* 111 N. Y. 410 (18 N. E. 718, 2 L. R. A. 193). In such cases the document need not be specifically described. *Dennis v. Holsapple,* 148 Ind. 297 (47 N. E. 631, 46 L. R. A. 168, 62 Am. St. Rep. 526).

Applying these rules, we have no trouble in finding from the testimony that, conceding the deeds to be testamentary in character, they were properly executed and duly witnessed, and so far referred to in the will proper as to make them a part and parcel thereof; but we do not have to go this far in the case. The deeds were and are valid as such, and do not depend upon the will for their validity. The misdescription thereof in the will, as being made to testator's heirs, is of no consequence whatever.

Another proposition made and argued by plaintiff is that his mother, Maria Schillinger, was unsound of mind when she signed the deeds in controversy on November 29th. There is some testimony to the effect

**4. MENTAL INCAPACITY: evidence.** that she was " kind of childish" in her way, not crazy, but kind of childish, kind of off a little once in a while." This testimony came from appellees, but it is manifestly not sufficient to show incapacity to make a deed or to join her husband in one on November 29, 1898. No other testimony was adduced as to her mental condition, but the evidence as to her conduct, so far as it appears in the record, shows her to have been of sufficient mental capacity to make a deed.

Some of the defendants in their counterclaims pleaded that they were holding title to their lands in trust for their wives, and they asked that their title be quieted in them as such trustees. Instead of so decreeing, the

**5. TRUST PROPERTY: establishment of title: who may complain.** trial court gave them title absolute under their deeds. Ordinarily plaintiff would be in no position to complain of this, for, having no title himself, he is not interested in how it may be disposed of by the trial court. As he is a brother of the alleged *cestui que* trust, and might perhaps be interested eventually in the land, we think the decree for defendants should have been in accord with the prayers of their cross-petitions, and not for the full and absolute title, as prayed. In this re-

spect there was error, but this error does not demand a reversal.

The decree will be modified, as suggested, and as thus modified will stand.— *Modified* and *affirmed.*