*In re* ELLIOTT'S ESTATE.

ELLIOTT *v.* CHENEY.

1. WILLS—DEEDS—CONSTRUCTION.

Conveyances in the form of deeds intended or claimed to be intended as wills fall into three classes: (1) Those in which the testamentary intent is clearly deducible from the writing; (2) those where the instrument is ambiguous, or of doubtful meaning; (3) those where there is nothing to indicate a testamentary intent, but, on the contrary, the instrument is in terms plainly a deed. In the first class of cases, it is said, there is no difficulty in holding the document to constitute a will, if properly executed. In the second class, the instrument may doubtless be interpreted in the light of the circumstances. As to the third class of cases, extrinsic evidence is not admissible to show a testamentary intent on the part of the deceased grantor.

2. SAME—ESTATES OF DECEDENTS.

Where there was a clause in an undelivered deed reciting that the deed should be null and void if it was recorded before the death of the grantor and a different clause stated that it conveyed all the real property of decedent, nothing on the face of the instrument indicated testamentary intent, and the trial court properly held that delivery during the lifetime of the grantor was essential to its validity; parol evidence was inadmissible to show that it was intended to operate as a will.

Error to Monroe; Chester, J., presiding. Submitted November 9, 1914. (Docket No. 150.) Decided December 19, 1914.

Junius Elliott presented for probate an instrument claimed to be the will of Hulda Elliott, deceased. From a finding and order admitting the will, Clarence G. Cheney, contestant, appealed. Judgment for contestant. Proponent brings error. Affirmed.

*Willis Baldwin* and *John O. Zabel,* for appellant.

*Moloney & Atkinson* and *Woodruff & Woodruff,* for appellee.

OSTRANDER, J.   On the 6th day of February, 1901, Hulda Elliott, the deceased, owned 98 acres of land. On that day she executed and acknowledged the instrument proposed as her last will.   It is, in form, a warranty deed, with the usual covenants, in which she is grantor and proponent is grantee.   The instrument was never delivered to the grantee nor to any one for him.   Whether the deceased intended this instrument to be a will was a question submitted to a jury and answered in the negative.   Whether the question should so have been answered, by the court or by a jury, with or without the aid of extrinsic evidence, is matter of contention, and, if the question was properly for a jury, appellant, proponent, desires a new trial because of various alleged errors of the trial court and because of alleged improper arguments of counsel for contestant.

It was said in *Clay* v. *Layton,* 134 Mich. 317, 336 *et seq.* (96 N. W. 458), that cases of this nature fall into three classes:

"(1) Those in which the testamentary intent is clearly deducible from the writing.

"(2) Those where the instrument is ambiguous, or of doubtful meaning.

"(3) Those where there is nothing to indicate a testamentary intent, but, on the contrary, the instrument is in terms plainly a deed."

In the first class of cases, it is said, there is no difficulty in holding the document to constitute a will, if properly executed.   In the second class, the instrument may doubtless be interpreted in the light of the circumstances.   As to the third class of cases, it was there held that extrinsic evidence was not admissible

to show a testamentary intent on the part of the deceased grantor.

To which of these classes does the instrument before us belong? Proponent offered whatever testimony was introduced, relies upon it, claims that it is undisputed and that the court should have determined from all the evidence that the instrument is a will, and should so have instructed the jury. A request was preferred to so instruct the jury. It is inferred that it is not the idea or the claim of proponent that the case belongs to the first class of cases. The position of contestant is that it falls within the third class, and that the court should so have ruled. If this position is sound, then we need give no attention to the conduct of the trial.

Proponent points out and claims something for certain recitals in the deed. Following a description of land are the words:

"Excepting the twenty-two acres that I have this day deeded to Mrs. Abigail Cheney of Romulus, Wayne county, Michigan."

Beginning another paragraph:

"The above description was given and intended for all the real estate that I now own or possess containing ninety-eight acres more or less."

He calls attention also to the words, written after the certificate of acknowledgment, signed, apparently, by the grantor, but without attestation of witnesses:

"This deed to be null and void if recorded before my death."

I assume that if the words to which I refer did not appear in the deed and in the margin thereof proponent would not contend that testamentary intent was suggested or could be sought for.

It is clear that the instrument falls within neither the first nor second class. There is nothing upon the

face of the instrument to indicate testamentary intent. On the contrary, the language used—and none could be more apt, and none is more constantly employed in conveyances—imports a present grant and nothing else. All that was required to give the instrument validity as a deed, to divest the grantor of title, and put title in the grantee, subject to be divested upon a contingency, was delivery. If the deed had at once been delivered to the grantee, no one would contend that it was ambiguous. No better test than this can. be suggested. In a somewhat similar case (*Dodson* v. *Dodson*, 142 Mich. 586 [105 N. W. 1110]), it was said:

"An important question in this case is whether the deeds can be held to be a testamentary disposition of the property described in them. We may premise a discussion of that question by the statement that the circumstances under which they were made, and attending their disposition and custody, are convincing that they were so intended. Indeed, they leave no doubt that such was the testator's intention. But the rule is that a testator's intention cannot be given effect as against the plain and unambiguous provisions of a deed, and the rule is settled in this State that where there is nothing in the instrument to indicate a testamentary intent, but, on the contrary, it is in terms plainly a deed conveying a present interest, extrinsic evidence is not admissible to show the contrary. The subject is discussed at length in the case of *Clay* v. *Layton*, 134 Mich. 341 [96 N. W. 458]."

Language appropriate to this case was used in *Clay* v. *Layton*, 134 Mich. 338 (96 N. W. 466):

"The proposition is to show that certain instruments, which could only become effective by delivery, can be made effective by calling them by another name, and giving them an interpretation which their words do not warrant, through parol evidence tending to show that such was the decedent's intention."

There is nothing in any of the decisions of this court which in any manner qualifies the doctrine of *Clay* v. *Layton* and *Dodson* v. *Dodson*. See *Leonard* v. *Leonard,* 145 Mich. 563 (108 N. W. 985) (not a will case) ; *In re Dowell's Estate,* 152 Mich. 194 (115 N. W. 972) (in which the point is not discussed) ; *Lincoln* v. *Felt,* 132 Mich. 49 (92 N. W. 780).

The trial court should have directed a verdict for contestant. The conclusion reached in the court below was right, and is affirmed. Contestant will recover costs from proponent.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.