IN RE WILL OF WYATT ADKINS.

CALVIN ADKINS et al., Appellants, v. W. P. COUTTS, Executor, Appellee.

**WILLS:** Construction—Recitals—Effect—Confirmation of Former
1   **Deed of Conveyance.** Recitals in a will to the effect that testator had theretofore deeded to one of his heirs certain lands, "and it is my will that said conveyance shall be upheld and I hereby so declare," neither adds to nor subtracts from the effectiveness of said deed as an instrument by itself. It follows that such recitals do not constitute a devise of the lands covered by said deed.

**WILLS:** Contest—Who May Not Contest. A will may not be con-
2   tested by one who will receive thereunder the identical share which he would receive under the laws of descent in case the will were set aside.

*Appeal from Jasper District Court.*—HENRY SILWOLD,
Judge.

SATURDAY, APRIL 7, 1917.

THIS is a proceeding to probate the will of Wyatt Adkins, deceased. There was a directed verdict for proponent, admitting the will to probate. The contestants' appeal.—
*Affirmed.*

*Bray, Shifflett & Wilkie,* for appellants.

*Clements & Clements* and *E. M. S. McLaughlin,* for appellee.

PRESTON, J.—The will of Wyatt Adkins

1. WILLS: construction: recitals: effect: confirmation of former deed of conveyance.

was filed for probate March 15, 1915. Objections were filed by four children and seven grandchildren, alleging that testator was of unsound mind, and that the instrument was obtained by the undue influence of his daughter Nevada Antle and her husband. Later, three of the four children filing objections withdrew as contestants, and thereafter, amended objections were filed by one child, Calvin Adkins, and eight grandchildren. The will was executed August 12, 1912, and appellee, W. P. Coutts, was nominated therein as executor. Previous to and before the execution of the will, deceased had executed and delivered a warranty deed to his daughter, Nevada Antle, of his home 40 acres of land, and, after the execution and delivery of said deed, he executed his will, which is the instrument now in controversy. The provisions of the will, so far as they are material to a determination of this case, are as follows:

"First. I have this day conveyed to my daughter, Nevada Antle, my present home 40 acres, described as follows, to wit: The southwest quarter of the northeast quarter of Section 28 in Township 80 north, of Range 18 west of the 5th P. M., Jasper County, Iowa, in full payment to her of all care, board and services for me in the past, and for all

future care, board and services to me during my lifetime; and it is my will that said conveyance shall be upheld, and I hereby so declare.   Second.   It is my will that all of my estate and property, both real and personal, of every kind and nature whatsoever and wheresoever situated, of which I shall die owner, shall be divided into nine equal parts and shares, and each said share and part shall go and descend as follows, and I hereby devise, give and bequeath each of said share and part as follows, to wit: (1) I give, devise and bequeath unto each of my following named children, namely, Cansady Skinner, my daughter; Jane Brown, my daughter; Zetta Lounsbury, my daughter; Artemecia Adkins, my daughter; Calvin Adkins, my son; Joseph Adkins, my son; and Nevada Antle, my daughter, an undivided one-ninth part and share thereof, each of said seven named children to have the said one-ninth share and part of my estate and property, absolutely.   (2)   I give, devise and bequeath in equal shares, share and share alike, unto Della Redfield, Dorr Anderson and Byford Anderson, same being children of my deceased daughter, Samantha Anderson, one of the said certain one-ninth shares and parts thereof, same being the one-ninth share and part of my estate and property that would have gone to their mother had she been living, each of said children of said daughter to have one third of the said one-ninth share of my estate absolutely.   (3)   I give, devise and bequeath, in equal shares, share and share alike, unto Wyatt Adkins, Wylie Adkins, Wiletts Adkins, Wilbur Adkins and Octavia Adkins, same being children of my deceased son, Granville Adkins, one of the said certain one-ninth shares and parts thereof, same being the one-ninth part and share that would have gone to their father had he been living, each of said children of said deceased son to have the one fifth of the said one-ninth share and part of my estate absolutely."

After a jury had been impaneled, the due execution of

the paper offered as the last will of deceased was conceded, and it was conceded that deceased was 87 years of age at the time the will was drawn, and that the persons named as legatees and devisees are his sole and only heirs at law. Thereupon, proponent moved to strike the objections from the files and to direct a verdict for proponent and admit the will to probate. The motion was sustained, and the jury returned a verdict accordingly. The grounds of the motion were in part as follows:

"(2) That contestants have no interest which is contestable in this action. The will gives them the same share of the estate that they would obtain under the law by descent; therefore the contestants would gain nothing by the contest. (3) The will bequeaths to the contestants and all heirs at law the same share of the estate which they would obtain by the descent under the law, and, even though the will is probated, the heirs at law would be considered as taking their share of the estate by descent. (4) The fact that a deed is mentioned in the will as having been executed to Nevada Antle is entirely immaterial in this action on the issue of a contest of the last will, and, such deed being a separate conveyance, title passed thereby absolutely, and independently of and without the aid of the will. (5) That, as to the conveyance or deed executed by the testator to Nevada Antle of the 40 acres of real estate, this court, in an action at law, has no jurisdiction to determine as to the validity or invalidity of said deed, as this can only be determined in a court of equity. (6) In this action of contest, the jury would have no right to determine as to the validity or invalidity of the deed of the real estate executed by the testator to Nevada Antle of the land mentioned in such deed."

Appellants say that the question in-
volved in this appeal is whether or not the
first item of the will devises to Nevada An-
tle the 40 acres there described, and wheth-
er, should the deed there referred to be set aside, the real
estate thereby conveyed will still take the same course by
virtue of said Item 1, and become the property of Nevada
Antle, or be governed by Item 2, and go to all the heirs of
decedent.   Their entire case is based upon the contention,
as they state it, that Item 1 in the will is a specific devise to
Nevada Antle of the 40 acres in question, and that, though
the said deed be set aside, the property will yet be governed
by said item of the will, unless the probate of said instru-
ment is denied, and that, therefore, they have a contesta-
ble interest in the estate entitling them to contest the will.

2. WILLS: con-
test: who may
not contest.

Both parties cite and rely upon the case of *In re Estate
of Stewart,* 107 Iowa 117, where it was held that the widow
had no contestable interest because she was given by the
will the same share she would obtain under the law.   Ap-
pellants say of this case that they are not in the position of
a spouse contesting the other's will, but they do not point
out any distinction between that case and a case where, as
in the instant case, the heirs take the same share in the
property by will as they would take under the law.   The
argument is:   It is sufficient to say on this point that ap-
pellants herein are not in the position of a spouse contest-
ing the other's will, and they were, therefore, entitled to
have the matter submitted on its merits to the jury.   But
we think appellants' contention as to the effect of Paragraph
1 of the will cannot be sustained.   In Paragraph 1, de-
ceased stated that he had executed a conveyance or deed
of 40 acres of land to his daughter, Nevada Antle, in con-
sideration of services, and merely declared that he had
executed such a conveyance prior to the execution of the will,
so that the execution and delivery of the deed preceded the

execution of the instrument in question. The execution of the deed was a transaction independent of the will, and the deed operated as a complete conveyance. The statement in the will is not expressive of a bequest or devise. The most that could be claimed is that it is a confirmation. If the will should be declared invalid for any reason, still it would be necessary to proceed in equity to set aside the deed. *Schillinger v. Bawek,* 135 Iowa 131, is a case somewhat similar to the one at bar, where the will stated that he had deeded certain land to certain heirs, and it was said:

"The recitation in the will regarding these deeds does not have the effect of destroying them, and there is no inconsistency between these deeds and the will. Under the circumstances disclosed, there were conveyances of the land to the grantee named, with what was the equivalent of a reservation for the life of Maria, the wife, of the use and profits of the property, and this reserved estate was taken care of and disposed of by will. Even though the will may be said to have left the fee title undisposed of, the deeds conveyed that title, with a reservation in the grantor of an estate for the life of his wife or of himself. * * * The deeds are operative in and of themselves, and do not need any re-enforcement from the will. They are not testamentary in character. Indeed, the will would seem to negative that thought. * * * The deeds were and are valid as such, and do not depend upon the will for their validity."

As said, under this will, each heir at law is given the same share of testator's property that they would obtain under the law; and it follows, we think, that none of the heirs at law had any contestable interest under the terms of the will. It was not necessary for them to have the will set aside in order to obtain the share of the estate which the law gives them. They lose nothing by the will, and nothing was to be gained by a contest. The heirs are not wronged in any sense. It may be that, should the deed be

set aside, and if the language of Paragraph 1 of the will were sufficient to constitute a devise of the 40 acres to Nevada Antle, a different question would be presented. But, as we have said, the will is not sufficient to pass the title to Nevada Antle. As it is, if the deed should be set aside, the 40 acres conveyed thereby would become a part of the estate, and pass under other provisions of the will.

In their reply argument, appellants cite the case of *Thomas v. Timonds,* 179 Iowa 509, where it was said, in substance, that, if the deeds should be set aside, defendant would take under the will, if that should be found valid. But that would depend, of course, upon whether the provisions of the will were sufficient to constitute a devise of the land. The provisions of the will are not set out in the *Thomas* opinion, except the statement at page 519, that the will "purported to devise and bequeath all his property to defendant;" and we must assume that the language of the will was sufficient. The precise question in the instant case did not arise in the *Thomas* case, because the question there came up, so far as the will was concerned, on a motion to strike or declare the will inoperative. It was also said in that case that, if the property had been previously disposed of, it passed by virtue of the deeds, and not under the will.

It is our conclusion that the ruling and judgment of the district court were correct, and it is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.