IN RE ESTATE OF W. M. CHAMPION.

FEBRUARY 14, 1928.

REHEARING DENIED MAY 18, 1928.

*Campbell & Campbell,* for appellants.

*J. C. Heitsman,* for executor, appellee.

*A. J. Walsmith,* for Olena Johnson, appellee.

DE GRAFF, J.—W. M. Champion died testate August 30, 1918. Certain legatees (appellants) objected to the probate of his will. The contest resulted in the sustaining of the will, and, on appeal, the judgment entered was affirmed, December 21, 1920. *In re Estate of Champion*, 190 Iowa 451.

Subsequently to the affirmance by this court in said cause, Edgar I. Ratcliff, executor of the will and testament of W. M. Champion, deceased, filed an application in the probate court in which he recites that he is the duly appointed and qualified executor under said will; that the said will was set for hearing in probate on the 7th day of October, 1918; that the contestants filed their objections to the probate of said will; that, after the filing of said objections, the applicant, as executor, employed Reynolds & Heitsman and H. B. McCoy as attorneys to defend the said contest, and thereafter the said attorneys did, on behalf of the executor, successfully defend the said contest in the district court, and also on the appeal in said cause in the Supreme Court; that the district court approved the acts of the executor in the employment of said attorneys in the defense of said contest, and was further authorized and directed to continue the employment of said attorneys to present the defense in the Supreme Court. The executor, in his prayer in said application, asked that the court allow and fix the attorney fees for said attorneys, and "to authorize your executor to pay the amount fixed out of the funds now in his hands." No notice of this application was served upon the appellee, Olena Johnson.

On the 4th day of October, 1920, an order was entered on this application (D. W. Hamilton, presiding judge), whereby and wherein the acts of the executor in the employment of said attorneys were approved, and the executor was authorized to pay any and all expenses in the trial of said cause, and was further directed to employ and continue the employment of said attorneys in presenting the proponents' case in the Supreme Court of Iowa, and was authorized and directed to pay out of the funds of said estate the necessary expenses in the preparation and submission of said case in the Supreme Court, and all other necessary expenses incident thereto.

On the 16th day of July, 1921, an order of court was entered, pursuant to the application of the executor, fixing the attorney fees of said attorneys employed by the executor in the

will contest in both the district and the Supreme Court in the aggregate of $6,000, to be paid "in proportion as their legacies bear to the entire. estate." The attorneys have been paid by the executor from the funds of the estate in his hands. The legatees who were contestants in the probating of the will, and are appellants on this appeal, now seek to recoup themselves in the instant action by compelling Olena Johnson, appellee, to contribute to the payment of the attorney fees which were paid by the executor.

The trend of the matters and the arguments thereon in this-case may be indicated by the statement of certain questions. First: Was Olena Johnson a contestant in the will contest, and if she was not nominally such, did the will contest inure to her benefit? Second: Did Olena Johnson consent to the court order allowing attorney fees, or was she a party, either individually or by representation, to the application in question? Third: Did Olena Johnson take under the deed from W. M. Champion whatever interest she acquired in property formerly owned by W. M. Champion, and not as a legatee under the will?

We have no hesitation in holding that there is no competent evidence to establish the fact that Olena Johnson was a party, individually or by counsel, to the will contest, or that she ever consented in any manner to a court order allowing attorney fees. In fact, the evidence negatives the latter proposition.

The primary question is: Did Olena Johnson take title to the land under the deed of W. M. Champion, and not under his will? It is undisputed that, on August 15, 1918, W. M. Champion executed a warranty deed to Olena Johnson, conveying to her a quarter section of land in Mahaska County, Iowa, which deed had attached thereto canceled revenue stamps in the sum of $8.00. This deed was duly acknowledged August 15, 1918, before Flora Heitsman, a notary public. On the same day, Champion placed said deed in the hands of Flora Heitsman, and gave her written instructions with respect to said deed, as follows:

"Flora Heitsman: I am placing in your hands the inclosed deed to be delivered to Olena Johnson immediately upon my death. Dated August 15, 1918. W. M. Champion."

On August 23, 1918, W. M. Champion executed his will, in

which he devised the real estate in question to Olena Johnson. Olena Johnson knew, on August 16, 1918, that said deed had been executed, and it appears that Champion himself told Olena this fact, in the presence of her father and mother, at the Johnson home. The deed was duly recorded October 30, 1918. The execution and delivery of the deed constituted a complete transaction, and operated as a complete conveyance. *Kyle v. Kyle,* 175 Iowa 734. The will must be viewed as a mere confirmation of what had previously been done. The deed needed no reenforcement from the will, and did not depend upon the will for its validity.

It is said in *In re Will of Adkins,* 179 Iowa 1025:

"If the will should be declared invalid for any reason, still it would be necessary to proceed in equity to set aside the deed."

The question is asked in *Schillinger v. Bawek,* 135 Iowa 131:

"Were they [the deeds] sufficiently delivered so as to pass title apart from their connection with the will?"

The question is answered in the affirmative, and it was held that the deeds were and are valid as such, and do not depend upon the will for their validity.

We conclude that the appellee was not a necessary or a real party to the proceedings for the order fixing the amount of the fees of the attorneys, who represented parties other than the appellee herein. The trial court was right in refusing to compel her to reimburse the appellants for the money expended from the estate by the executor in costs and attorney fees. The judgment entered is—*Affirmed.*

Stevens, C. J., and Albert, Morling, and Wagner, JJ., concur.