IN RE ESTATE OF MARY CAMERON.

No. 41350.

64

MARCH 8, 1932.

REHEARING DENIED OCTOBER 21, 1932.

Hirsch, Riepe & Wright, for appellant.

E. W. McManus and Hollingsworth & Hollingsworth, for appellees.

DE GRAFF, J.—This appeal involves the sustaining of a motion to strike a written instrument alleged to be testamentary in character. This instrument was executed by Mary Cameron and duly witnessed on September 4, 1929. It appears that two prior instruments by Mary Cameron, testamentary in character, were filed in probate in the District Court of Iowa in and for Lee County. The first will was executed by Mary Cameron and duly witnessed on January 29, 1914. The second will was executed by Mary Cameron and duly attested on December 7, 1915. The written instrument involved herein was executed by Mary Cameron and duly attested on September 4, 1929. The motion by the contestants to strike the aforesaid written instrument is based on reasons presently noted.

On October 8, 1931, there was filed by George E. Cameron, in probate, a Petition for Probate of Will, wherein it is recited that Mary Cameron, late a resident of Lee County, Iowa, departed this life on or about the 9th day of December, 1930; that said Mary Cameron on or about the 4th day of September, 1929, made and executed an instrument in writing which is filed herewith, in which instrument said Mary Cameron adopted and published as her last will and testament the instrument in writing dated January 29, 1914;

that said instrument in writing referred to has heretofore been filed in this court as and for the last will and testament of said Mary Cameron, "wherefore, your petitioner asks that the instrument filed herewith dated September 4, 1929, together with the instrument filed in this court on the 16th day of December, 1930, and dated January 29, 1914, be admitted to probate in this court as and for the last will and testament of said Mary Cameron, deceased. (Signed) George E. Cameron, petitioner."

There was attached to said petition for probate of will, and filed therewith and as a part thereof the written instrument in question in words and figures to wit:

"Know All Men By These Presents: That I, Mrs. Mary Cameron, widow of the late James Cameron, of the city of Keokuk, Lee County, Iowa, do hereby on this day of September 4, 1929, wish to make it known to my heirs that my will and wish as expressed in my Will and Testament under date of January 29, 1914, is the only Will and Testament I have ever knowingly and willingly made, and wish it to be so considered after my death.

"Witnesses:                      (Signed) Mrs. Mary Cameron

"We the undersigned witnesses hereby certify that the above was signed by Mrs. Mary Cameron in our presence, and that she declared it to be her wish in regard to her Will and Testament under date of January 29, 1914, and that we have hereunto signed our names as witnesses in her presence and in the presence of each other, and that at the time of the signing of said wish the said Mrs. Mary Cameron was of sound mind and memory September 4, 1929.

"(Signed) Ada L. Cameron,
"(Signed) Charles E. Collins."

An order was entered fixing October 31, 1931, at 10 A. M., as the time for probating said instrument, and there was filed the certificate of the Clerk showing the giving of notice in accordance with such order.

On the 15th day of October, 1931, there was filed by contestants a motion to strike the alleged will of date January 29, 1914, and also to strike from the files in this case the instrument or paper referred to in the petition heretofore mentioned, and on the following grounds:

"(1)   That said instrument is not by its terms of testamentary

66

nature, but is merely a declaration attempting to recite past acts and to explain their nature, and with no provision revoking any will or attempting to dispose of property;

"(2)   That the instrument of date January 29, 1914, purporting to be the will of decedent and filed herein, was in fact her will, but was revoked by the will of date December 7, 1915, filed herein, and said paper of date September 4, 1929, did not effect or purport to effect a revocation of the will of date December 7, 1915, but if said instrument of date December 7, 1915, was not in fact the will of said decedent, then the instrument of date January 29, 1914, if a valid will, was never revoked, and said paper of date September 4, 1929, would be immaterial and surplusage and of no effect and should be stricken from the files;

"(3)   That said paper, if material, is only evidence, and should not be filed as any part of a will or codicil thereto;

"(4)   That said paper is no more than an *ex parte* statement as to Mary Cameron's recollection of past events connected with the execution of her wills, and does not attempt to revoke any will and is, therefore, only hearsay evidence;

"(5)   That said paper does not, as a matter of law, revive or republish any will theretofore made by said decedent, and said paper is, therefore, immaterial and irrelevant; and

"(6)   The setting out of said paper by filing or pleading does not set out or plead any ultimate fact."

On the 31st day of October, 1931, the motion to strike was submitted and said motion was sustained.

It may be well at this point to set out briefly the provisions of the first will, bearing date January 29, 1914. It provided: (1) That the expenses of her last sickness and funeral and the cost and expenses of the administration of her estate be paid out of any assets of her estate; (2) nominated her son, George E. Cameron, as executor, without bond; (3) devised and bequeathed to her son, George E. Cameron, the sum of $15,000 to be paid to him by her executor out of any assets of her estate; (4) devised and bequeathed unto her four grandchildren (naming them) each the sum of $5.00; (5) devised and bequeathed all the balance of her estate, real, personal or mixed, of whatever kind and wheresoever situated, to her three sons, George E. Cameron, James Cameron Jr., and John Cameron, in equal shares; (6) authorized and empowered her named executor, if to him it shall seem best, to sell and dispose of

any real estate or personal property of which she may die seized, and empowered her said executor to make sale and conveyance of any such real estate or personal property without authorization or direction of any court, either at public or private sale.

The second will, bearing date December 7, 1915, by its terms expressly revoked any and all wills which Mary Cameron "may have made at any time prior to this time," and therein made testamentary disposition of her estate quite differently than under the provisions contained in her first will.

No action was taken on the probate of the first and second wills, but as pointed out, on October 8, 1931, the appellant George E. Cameron, son of Mary Cameron, filed a petition, together with an instrument dated September 4, 1929, and asked that the instrument in question, together with the one previously filed, and dated January 29, 1914, be admitted to probate, as the last will of Mary Cameron.

It must be conceded that the instrument in question was executed with all the formalities required by law for the execution of a will. Was it a will? It clearly was a writing duly executed, by which Mary Cameron undertook to make disposition of her property or estate, and it was to take effect after her death. Such an instrument is testamentary in character, and it was duly signed by the testatrix and was witnessed and published. See In re Will of Tinsley, 187 Iowa 23. It is not legally necessary in the execution of a will that the language thereof be couched with the phrases of a lawyer, or one skilled in the technicalities of the law of wills. In the Tinsley case, supra, it is said:

" * * * If (the will), when candidly read and fairly construed, it reveals the purpose of the testator to make a disposition of his estate, or some part of it, which shall become effective and irrevocable at his death," it is a will.

The law does not prescribe a set form for a will. The rules of common-law pleading do not in any sense find application, as no rigid test of form is to be followed. The will in the Tinsley case, supra, is quite brief, and reads:

"In case of any serious accident, after my just debts are paid, I direct that my aunt, Miss Mary E. Clark, take entire charge of my estate for disposal as she sees fit."

The testatrix, Mrs. Mary Cameron, in the instant case, made it

known that it was her "will and wish" that the disposition of her estate, as expressed in her writing of September 4, 1929, was the same as expressed "in my will and testament under date of January 29, 1914." In the discovery of the *animus testandi*, it has been frequently, although metaphorically, expressed, that the polar star of intent in the testamentary heaven is the guiding star. Canaday v. Baysinger, 170 Iowa 414, l. c. 418; In re Estate of White, 209 Iowa 1210; In re Estate of Clifton, 207 Iowa 71; In re Estate of Dodge, 207 Iowa 374. It is said in In re Estate of Longer, 108 Iowa 34:

"When the *animus testandi* is established, the character of the instrument is fixed. It is a will."

It is also true that a will may by reference incorporate another paper thereto, if such other paper is in existence at the time the will is executed. Schillinger v. Bawek, 135 Iowa 131; 28 R. C. L., Sec. 64, p. 112. Although it is true that Mary Cameron's will dated January 29, 1914, was revoked, it nevertheless is true that a revoked will may be revived by any act which indicates an intent to revive the same. Blackett v. Ziegler, 153 Iowa 344. Viewing, as we may, the third and last document executed by Mary Cameron as a codicil to her will of January 29, 1914, "the will and codicil shall be considered one instrument and the execution of both sufficient." Section 11853, Code, 1927. It is the settled law that a will may be revoked by the execution of a subsequent will without any express revocation, if inconsistent with the prior will. Section 11855, Code, 1927; Blackett v. Ziegler, 153 Iowa 344; Schillinger v. Bawek, 135 Iowa 131; Neibling v. Methodist Orphan's Home, 286 S. W. 58 (Mo.); 51 A. L. R. 639 with annotation (p. 652).

In the light of the facts of the instant case and the legal principles applicable thereto, we conclude that the trial court was in error in sustaining the motion of the contestants (appellees) to strike the written instrument executed by Mary Cameron on September 4, 1929.—Reversed.

All justices concur.