**In the Matter of the ESTATE of Gorda Dallas (Safley) SAFLEY, Deceased.**

**Don Alford SAFLEY, Petitioner-Appellant,**

v.

**Hazel Otheal HUGHES et al., Defendants-Appellees.**

No. 54690.

Supreme Court of Iowa.

Dec. 15, 1971.

Fisher, Yarowsky & Martin, Cedar Rapids, for petitioner-appellant.

Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for defendants-appellees.

MOORE, Chief Justice.

Plaintiff appeals from declaratory judgment decreeing slips of papers attached to

personal property of Gorda Dallas Safley, deceased, as well as a written memorandum of bequests found among her personal effects were validly incorporated in and form a part of testatrix' last will and testament.

I. This declaratory judgment action in equity as authorized by Code section 633.11 seeks determination of proper distribution and administration of estate matters. The parties are testatrix' five children. Our review is de novo. Rule 334, Rules of Civil Procedure.

II. The parties agree their mother formally and legally executed her last will and testament at St. Luke's Hospital, Cedar Rapids, Iowa on March 26, 1969. She remained in the hospital and died there on March 29, 1969.

Paragraph III of her will states:

"I hereby will, devise and bequeath certain personal property to be found in my home to such persons as are designated by me to receive the same; such determination of such bequests to be found on written slips of papers attached to such personal property, and in addition thereto, a written list of bequests of certain personal property which I desire to be found with this my Last Will and Testament and considered to be a part thereof by reference thereto."

Paragraph IV of her will, the residuary clause, gave the residue to her five children equally.

No written list of bequests was found with the will.

Several weeks after their mother's death the two daughters named as executors found slips of paper, with first names of persons written by testatrix affixed to the bottoms of some items of furniture and with linens and other articles in testatrix' home. One witness estimated ninety percent of the furniture items were so labeled. In no case was a last name given. On one piece of furniture slips with two different names in different colors of ink were found. In addition to the small slips of paper bearing the first names of her children the names "Virginia" and "Jean" also appeared on some labels affixed to items of personalty. Plaintiff testified there were in the family circle and relatives two "Virginias" and four "Jeans".

Executors also found in a cupboard this memorandum. (Exhibit A):

"I have most every thing marked but I'm too sick to do more. *My* work is done now. After I'm gone, you are *not to sell any thing.*

"Gorda is to have *any thing* she would like to have.

"Bernice—Hazel—& Gorda the dishes & Silverware & any thing in the house not marked.

"Edward any thing you want in the garage.

"Lovingly     Mother"

The memorandum was underlined as shown and admittedly in the handwriting of testatrix.

Also found was a single piece of paper with the names "Hazel", "Bernice" and "Gorda" handwritten by the testatrix in columns, some of which appeared to have been clipped off. None referred to any property.

Plaintiff-appellant asserts the trial court erred in (1) allowing exhibit A and the labels to explain paragraph III as they were not validly incorporated by reference, (2) admitting exhibit A and the labels when they were not properly executed under the requirements of Code section 633.279, (3) allowing oral testimony to identify the labels with recipients and (4) in interpreting exhibit A, the labels and paragraph III which are mutually contradictory. Defendants-appellees argue the writings were validly incorporated by reference and were

sufficiently described in the will and the trial court did not err in decreeing distribution accordingly.

III. As pertinent here Code section 633.279 provides:

"All wills and codicils * * * must be in writing, signed by the testator * * * and declared by the testator to be his will, and witnessed, at his request, by two competent persons who signed as witnesses in the presence of the testator and in the presence of each other: * * *."

No party argues the paper slips and exhibit A were executed within the requirements of section 633.279. As argued by defendants-appellees the trial court found them to be part of the testatrix' will of March 26, 1969 under the doctrine of incorporation by reference.

This statement of the doctrine of incorporation by reference is made in 94 C.J.S. Wills § 163, pages 955, 956:

"It is well settled that, in order that a document or paper may be incorporated in a will by reference, it must be referred to in the will as existing at the time of its execution. The document or paper must in fact be in existence at the time of the execution of the will, or have been made at the same time as the will, as part of the same transaction. The will must clearly and definitely describe or identify the documents intended to be incorporated, or render them capable of identification by extrinsic evidence, so that no room for doubt can exist as to what papers were meant.

"Where the attempt to incorporate a document or paper is ineffective, the will cannot be affected by it, and such document or paper can be effective only if it complies with the statute of wills." See also 57 Am.Jur., Wills, section 233, page 194; Anno. 3 A.L.R.2d 682. Prime authorities from other jurisdictions need not be cited. The parties here are not in disagreement with legal principles involved in incorporation by reference.

In Schillinger v. Bawek, 135 Iowa 131, 138, 112 N.W. 210, 213, involving a reference in a will to certain deeds, we say:

"Where attempt is made to incorporate into a will something not properly executed as a will, the will must itself refer to the paper to be incorporated as then being in existence, and in such a way as to reasonably identify such paper in the will and to show testator's intention to incorporate such instrument in his will and to make it a part thereof. The document must be so described, that the description, together with evidence of the identity and genuineness of the document, will be sufficient to show that it is the document referred to in the will. Extrinsic evidence cannot be received to supply deficiencies of identification, as this would destroy the statutory provision that all wills must be in writing." The doctrine of incorporation by reference is also recognized by this court in In re Estate of Cameron, 215 Iowa 63, 68, 241 N.W. 458, 461, and in In re Estate of Huston, 224 Iowa 420, 430, 275 N.W. 149, 154.

IV. With the doctrine in mind we necessarily return to the facts in this particular case as they are controlling. The scrivener of the will, testatrix' attorney for several years, at her instance prepared the will several weeks before she was taken to the hospital for major surgery. Before the will was signed the attorney asked about the list referred to in the will. Testatrix' only reply was "I have left instructions". Faced with the existing emergency the will was executed without an accompanying list of bequests. Exhibit A was not found with the will. Certainly it is not clearly and definitely described or identified as being the document intended to be incorporated. We do not interpret exhibit A as a "written list of bequests". Its contents show it was written after the labelling and attempts to give Gorda *"any thing* she would like to have". Gorda was not limit-

ed to articles not marked. As we read paragraph III of the will it provides a combination of slips of paper and the written list of bequests was to be considered a part thereof by reference. Standing alone each label is not a definitely described document. To approve an attempt to incorporate such a document and relate it in the will to an unidentified item of personalty would create uncertainty and afford an opportunity to change labels. No such charge is made against the executors here.

We disagree with the findings of the trial court. The facts disclosed in this record are not sufficient to meet the requirements of the doctrine of incorporation by reference. We hold the labels and exhibit A were not made a part of testatrix' will under the doctrine of incorporation by reference. The personal property resultantly goes to testatrix' five children in equal shares as provided in the residuary clause, paragraph IV.

Our holding is decisive of the real question in this declaratory judgment action. We need not consider or decide plaintiff-appellant's other asserted errors. We do not reach the question of testatrix' intention as shown by the labels or exhibit A as they are not part of her will.

We are aware elderly persons frequently write notations to survivors expressing desires of what should be done with items of personalty. Unless properly made part of a will such expressions have no legal validity as bequests. Unfortunately death often becomes a battle call to survivors.

The judgment of the trial court is reversed.

This cause is remanded to the trial court for judgment consistent with our findings and holding herein.

Reversed and remanded.

All Justices concur.