## KUHLMAN *v.* KUHLMAN.

1. DEEDS—CANCELLATION OF INSTRUMENTS—ESCROWS—CONDITIONAL DELIVERY.

   In a suit by a father to set aside a deed conveying 80 acres of land to defendant son, evidence *held*, sufficient to justify the finding of the court below that the deed was placed in escrow with the condition that it became effective only in case plaintiff did not return safely from an extended visit to Chicago.

2. APPEAL AND ERROR — CHANCERY CASES ON APPEAL HEARD DE Novo.

   Although the Supreme Court hears chancery cases *de novo*, upon appeal from the decree of the court below, where it is not persuaded that a different result upon the facts should have been reached, its decree will be affirmed.

Appeal from Ottawa; Cross (Orien S.), J. Submitted April 7, 1922. (Docket No. 43.) Decided June 5, 1922.

Bill by Henry C. Kuhlman against Hugo R. Kuhlman to set aside a deed. From a decree for plaintiff, defendant appeals. Affirmed

*Leo C. Lillie,* for plaintiff.

*Charles E. Misner,* for defendant.

FELLOWS, C. J. Plaintiff is the father of defendant. He has two other sons and a daughter. He owned land in Ottawa county and had property in Chicago. He is a tailor by trade. About 1908 he deeded to defendant 80 acres of his Ottawa county land, but retained other land including that involved in this suit. He gave defendant the personal property on the

farm and he and his wife went to Chicago to live. In April, 1918, his wife died and shortly after that he came to live with defendant on the Ottawa county farm. In the spring of 1919 the plaintiff decided to return to Chicago to look after his property there. It is to be inferred that his stay in Chicago might be prolonged. On March 7th, he signed the deed in question which conveyed to defendant another 80 acres of the Ottawa county land. This deed was left in escrow with a Mr. Sherwood of the Grand Haven State Bank. The pivotal questions in the case revolve around the terms upon which the deed was deposited and these are purely questions of fact. Mr. Sherwood, as we understand the record, was deceased at the time the case was heard. The plaintiff's testimony was somewhat rambling and his conduct in court erratic although mental incompetency is not charged in the bill. The trial judge found upon the facts:

"It is evident from the testimony of both parties that the deed was to be effective only in case that the plaintiff did not return from Chicago and that if he did return that the deed would be subject to his direction and control. This understanding between the parties was not conveyed to the attorney who drafted the deed, but it is clear from the testimony of both parties that plaintiff reserved the right to call for the deed when he returned from the trip from Chicago, that it was to be effective to pass title only in case of his death before he returned from his trip to Chicago."

Portions of defendant's testimony sustain this finding although other portions tend to establish an absolute delivery in escrow without the power to recall and that the deed was executed pursuant to a long existing intent and agreement to give defendant this land. While we hear chancery cases *de novo* we are

not persuaded that we should reach a different result upon the facts than did the trial judge. He heard and saw the witnesses and had superior opportunity to judge their credibility, a factor of prime importance in the instant case. We agree with his conclusions and affirm the decree. Plaintiff will recover costs of this court.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.